## ADAM RINARD v. JOHN R. GARDNER.

REVIEW — *Insufficient Record — Judgment, Affirmed.* Where a demurrer to a petition, upon the ground that the petition does not state facts sufficient to constitute a cause of action, is sustained by the court, and the court then grants leave to the plaintiff to amend his petition, and the petition is so amended, and afterward the case is tried, and the court sustains a demurrer to the plaintiff's evidence upon the ground that it does not prove facts sufficient to constitute a cause of action, and the plaintiff brings the case to the supreme court, but the record brought by him to the supreme court does not contain a copy of the amendment to the petition or show what it was, *held*, that the supreme court cannot say what the issues were, or that the court below erred in sustaining the demurrer to the evidence.

### Error from Ness District Court.

ACTION by *Rinard* against *Gardner* to recover $1,000, as liquidated damages for breach of contract to convey certain land free from incumbrances. At the January term, 1889, a demurrer to plaintiff's evidence was sustained. He comes to this court. The facts sufficiently appear in the opinion.

*James McCartney*, for plaintiff in error:

It was not necessary to a recovery that plaintiff should prove a tender. A readiness and willingness to comply on the part of the plaintiff, and a failure on the part of the defendant, was all that was necessary to be proven to warrant a recovery. *Clark v. Weis,* 87 Ill. 438; *Smith v. Lewis,* 26 Conn. 110; *Neis v. Yocum,* 9 Sawyer (C. C.), 24; *Schreiber v. Butler,* 84 Ind. 576.

It is not disputed that at no time was the defendant in a condition to complete the contract on his part. The mortgage on the land never was released, and no arrangements had been made to release it. The delivery of a warranty deed, free and clear of all incumbrance, was not a compliance with the contract when there remained a mortgage on the land. *Conway v. Covell,* 22 Ill. 127; *Tyler v. Young,* 2 Scam. 447; *Smith v. Lamb,* 26 Ill. 397; *Judson v. Wass,* 11 Johns.

525; *Stow v. Stevens*, 7 Vt. 27; 2 Pars. Contr. \*656; *Brown v. Gammon*, 14 Me. 276; *Hill v. Hobart*, 16 id. 164; *Lawrence v. Dole*, 11 Vt. 549.

Where a person is bound to pay money at a certain place, if the creditor is not there to receive it, a formal tender is not necessary. *Gilmore v. Holt*, 4 Pick. 258; *Southworth v. Smith*, 7 Cush. 391; *Savary v. Goe*, 3 Wash. (C. C.) 140; 2 Pars. Contr. \*647, 648.

A formal tender of performance is unnecessary when the contract contains mutual stipulations. A readinesss and willingness to perform is all that is required. *Turner v. Mellier*, 59 Mo. 526; *Wheeler v. Garcia*, 40 N. Y. 584; *Hapgood v. Shaw*, 105 Mass. 276; *Cole v. United States*, 23 Court of Claims, 341; *Carpenter v. Holcomb*, 105 Mass. 280; *Nelson v. Elevating Co.*, 55 N. Y. 480; *Robertson v. Cloud*, 47 Miss. 208.

A tender or offer to perform, varying in any substantial manner from that contracted to be done, will not release the party from the penalty for non-performance. *Swain v. Seamans*, 9 Wall. 254.

A verbal promise by the mortgagees to release the mortgage would have been no excuse should such promise have been proven. Wat. Spec. Per., § 410; *Brown v. Gammon*, 14 Me. 276; *Lawrence v. Dole*, 11 Vt. 549; *Tremain v. Lining*, Wright, 644.

See English authorities on the question of the necessity of an actual tender: *Lovelock v. Franklin*, 8 Q. B. 371; *Short v. Stone*, 3 D. & L. 580; *Caines v. Smith*, id. 462; *Levy v. Herbert*, 1 Moore, 56; *Boyd v. Lett*, 2 D. &. L. 847; *Jackson v. Allaway*, 7 Scott's N. R. 875; *Kemble v. Mills*, 2 id. 121; *De Medina v. Norman*, 9 M. & W. 820; *Nash v. Breese*, 11 id. 352.

Where it appears the parties intended time to be of the essence of the contract, strict compliance will be enforced. *Cleveland, etc., v. Rhodes*, 121 U. S. 255; *Slater v. Emerson*, 19 How. 224; *Wilson v. Roots*, 10 N. E. Rep. 204.

It was so intended in this case, for it is evident from all the circumstances and facts proven that the plaintiff intended to lay out the land in town lots and sell them as soon as possible. Time was therefore of the essence of the contract to him. *Leonard v. Dyer*, 26 Conn. 177; *Stinson v. Dousman*, 20 How. 461; *Hartley v. Decker*, 89 Pa. St. 470; *Cunningham v. Judson*, 100 N. Y. 177; *Brown v. Guarantee Co.*, 128 U. S. 403; *Holgate v. Eaton*, 116 id. 33.

This case should have been submitted to the jury on the evidence, and they should have rendered a verdict for the sum stipulated in the contract. *Harris v. Miller*, 11 Fed. Rep. 118; 1 Am. Dec. 335; Sedgw. Dam. 399; *Hardee v. Howard*, 33 Ga. 533; *Peine v. Weber*, 47 Ill. 41; *Lowe v. Perrs*, 4 Burr. 225; *Holmes v. Chartiers*, 138 Pa. St. 231; *Gibbons v. Russell*, 13 N. Y. 879.

The contract by Gardner to deposit "in the State Bank of Ness City a good and sufficient warranty deed, free and clear from incumbrances of whatever nature or kind," was an independent covenant, and as such, the plaintiff was entitled to a judgment, upon proof that he had not complied, without being required to prove any other fact. *Thorp v. Thorp*, 12 Mod. 455; *Long v. Caffry*, 93 Pa. St. 526; *Hard v. Seeley*, 47 Barb. 428; *Stavers v. Curling*, 3 Bing. (N. C.) 368; *DeKay v. Bliss*, 4 N. Y. 728; *Jones v. Foster*, 30 N. W. Rep. 697; *Philadelphia v. Howard*, 13 How. 307; *Pollak v. Brush*, etc., 128 U. S. 447.

All the evidence shows good faith on the part of the plaintiff, and bad faith on the part of the defendant. Defendant's acts in depositing a deed not in accordance with the contract, and his failure to make any effort to release the two mortgages on the land within the time limited, was a direct and premeditated violation of his contract.

The facts should have been submitted to the jury. The court had no right to arbitrarily say the facts proven were not sufficient to sustain a judgment, when there was some evidence tending to establish the issues made by the pleadings. *Banninghoff v. Cubbison*, 26 Pac. Rep. 14; *Brown v. Railroad*

*Co.,* 31 Kas. 1; *Gardner v. King,* 37 id. 671; *Wilson v. Beck,* 44 id. 497.

*Thomas Berry,* for defendant in error:

. The first ground is, that the amended petition of the plaintiff in error filed in this case, upon which this cause was tried, does not appear, and is not in the record filed by the plaintiff in this court. Now, without this amended petition it will be impossible for this court to determine whether any portion, or what portions, if any, of the testimony offered by the plaintiff in the trial in the court below was competent, or whether any evidence at all was offered tending to prove the allegations of the amended petition. It will be equally impossible, for the same reason, for this court to determine that the district court erred in sustaining the defendant's demurrer to the plaintiff's evidence and rendering a judgment for the defendant. Without this amended petition, this court cannot know or presume what the issues were that were tried in the court below, or that the plaintiff offered any testimony that tended to prove any fact set out in his amended petition.

The so-called tender was made to parties having no connection with the matter at all, and having no authority to act for Gardner. If they had any such authority, the plaintiff could easily have proven it. And no money was offered; nothing but a draft. This was not sufficient as a tender in any respect. A tender of money can only be made by tendering money to the person authorized or entitled to receive it. And the covenants in this contract being mutual, the plaintiff was not entitled to recover without first proving a tender of performance on his part. *Sanford v. Bartholomew,* 33 Kas. 38; *Iles v. Elledge,* 18 id. 296; *Railroad Co. v. Comm'rs of Miami Co.,* 12 id. 482; *Bierer v. Fretz,* 32 id. 329; *Heine v. Treadwell,* 13 Pac. Rep. 503; *Martindale v. Wass,* 8 Fed. Rep. 854; *Close v. Dunn,* 24 Kas. 372; *Morrison v. Terrell,* 27 id. 327.

This action was begun in the district court to recover the sum of $1,000, mentioned in the contract between Thos. W. Scott and the defendant, Gardner, as a penalty that either

party thereto should pay to the other upon his failure to per-
form the contract. The language used in the contract leaves
no doubt that the $1,000 mentioned therein as a penalty was
intended by the parties to be a penalty. *Heatwole v. Gorrell,*
35 Kas. 692, and cases cited. Now the plaintiff evidently
wants the entire $1,000 or nothing. He sues for that and
nothing else. There are no allegations in his pleadings of
actual damages sustained, and he offered no proof of damages.
The court below construed this clause in the contract to be a
penalty, and if it is, then the plaintiff did not, on that
ground, prove a case against the defendant. *Land Co. v. Perry,*
23 Kas. 140.

The district court sustained the defendant's objection to
portions of the testimony of the witnesses G. J. George and
R. D. Adams. This testimony was in the form of depositions,
and those portions thereof objected to and excluded by the
court were clearly incompetent, upon the ground that neither
Sam. A. Smith, Frank L. Miller, Chas. E. Clarkson, or any
other person with whom George and Adams conversed, were
the agent or agents of Gardner. The State Bank was a mere
depository. These depositions are found in the record.
*Streeter v. Poor,* 4 Kas. 412; *Express Co. v. Anthony,* 5 id.
490; *Machine Co. v. Clark,* 15 id. 492; *Mo. Pac. Rly. Co. v.
Stutts,* 31 id. 752; Whar. Law of Ev. (2d ed.), § 1183.

The opinion of the court was delivered by

VALENTINE, J.: It appears that on June 29, 1887, John
R. Gardner and Thomas W. Scott entered into a written con-
tract, whereby Gardner agreed to sell and convey by warranty
deed, within 30 days, a certain tract of land in Ness county,
"free and clear of incumbrances of whatever nature or kind,"
and Scott agreed to pay Gardner therefor $16,000, one-half
on the delivery of the deed, and the remainder in three equal
annual installments, and it was further agreed by the parties,
as follows:

"And for true and faithful performance of all and every

of the covenants and agreements above mentioned, said parties bind themselves each to the other, in the penalty sum of $1,000, as liquidated damages to be paid by the failing party."

At the time of this agreement there were two mortgages on the land, amounting in the aggregate to about $1,200. About the time of this agreement Gardner became sick with typhoid fever, and therefore could make but little effort to accomplish the payment of these mortgages, or to procure a release thereof within the 30 days, but possibly if he had been well he could not have done these things, for the reason that the mortgages were not to become due for three or four years; and it does not appear that they have yet been paid, satisfied, or released. Within the 30 days, however, Gardner and wife executed a general warranty deed for the land, purporting to convey the same free and clear from all incumbrances, and tendered the deed to the assignee of Scott, to wit, Adam Rinard; but Rinard refused to accept the same. Whether the failure on the part of Gardner to procure an extinguishment of these mortgages within the 30 days allowed, and to convey the land to Scott or his assignee, free and clear from all incumbrances, was a benefit or an injury to either Scott or his assignee, is not shown. And whether Scott or his assignee complied with the conditions of the agreement on their part, it is hardly necessary for us now to consider. We might say, however, that Scott's assignee offered to Gardner a draft for $8,000, and three promissory notes for the remainder of the purchase-money, and no objections appear to have been made by Gardner to this proposed manner of paying for the land.

We shall not now consider the question as to whether Scott or his assignee fulfilled their part of the agreement, nor shall we now consider any other question going to the merits of the case, for the reason that the defendant in error has raised in this court the preliminary question that no copy of the plaintiff's pleading upon which the case was tried in the court below has been brought to this court, and that what

such pleading was is not shown. It appears that on October 7, 1887, the plaintiff, Adam Rinard, filed his petition in the court below and commenced this action, claiming the aforesaid " penalty sum of $1,000, as liquidated damages to be paid by the failing party." ( *Condon v. Kemper,* 47 Kas. 126; *Heatwole v. Gorrell,* 35 id. 692; *Land Co. v. Perry,* 23 id. 140.) Afterward, and on October 24, 1887, Gardner, the defendant below, filed a demurrer to such petition, upon the ground that it did not state facts sufficient to constitute a cause of action, and on January 28, 1888, the court below sustained this demurrer; whereupon, the counsel for the plaintiff asked leave of the court to amend his petition, " which leave was granted and the petition was so amended." But no amendment or amended petition appears in the record. Afterward, and on February 1, 1889, the case was tried before the court and a jury, and after the plaintiff had introduced all his testimony, the defendant demurred to the same, upon the ground that it did not prove any cause of action against the defendant, which demurrer was sustained by the court; and to reverse this ruling of the district court, the plaintiff, as plaintiff in error, brings the case to this court.

When the court below sustained the defendant's demurrer to the original petition, the case was virtually ended upon that petition. The case could not be tried, and of course was not tried, upon that petition; and as neither the amendment thereto nor any amended petition is contained in the record, we cannot tell what was tried. We cannot know what were the issues; what the allegations of the amendment were; or how much the plaintiff admitted or denied in his pleading, we cannot tell; and therefore we cannot tell whether the court below erred or not when it sustained the defendant's demurrer to the plaintiff's evidence. Upon the pleadings and the evidence, the decision of the court below may have been absolutely correct; but whether it was or not we cannot tell. The decision of this preliminary question raised by the defendant in error disposes of the entire case in this

court, and it is not necessary for us to consider any of the other questions presented by counsel.

The judgment of the court below will be affirmed.

·All the Justices concurring.