The John Deere Plow Company v. R. L. Jones *et al.*

No. 13,454. (76 Pac. 750.)

SYLLABUS BY THE COURT.

1. Practice, District Court—*Amended Petition.* A paper filed by plaintiff, which appears to be a full statement of his cause of action, without reference to any prior pleading, and which is designated by defendant in his answer as the "second amended petition," will be considered as a complete, new, amended petition, although styled by plaintiff his "amendment to amended petition."

2. Practice, Supreme Court—*Case-made—Pleadings Required.* To present for review by this court a ruling sustaining a demurrer to plaintiff's evidence, a case-made need not contain all the pleadings at any time filed in the case; it is sufficient in this regard if it contain all the pleadings upon which the trial was had.

Error from Ottawa district court; R. F. Thompson, judge. Opinion filed March 12, 1904. Reversed.

*J. B. Tomlinson*, for plaintiff in error.

*Thompson & King*, for defendants in error.

The opinion of the court was delivered by

MASON, J. : The John Deere Plow Company, a Missouri corporation, sued R. L. Jones and Martha J. Jones upon a note. A demurrer to plaintiff's evidence was sustained, and this proceeding is brought to review that ruling.

If the pleadings and evidence presented in the record here are the same as those upon which the trial court acted, it is evident that the demurrer was sustained merely because there was no showing that plaintiff had complied with the statutory requirements with respect to foreign corporations doing business in this state.   If this be true, the judgment complained of was erroneous, for since its rendition this court has held that non-compliance with the statute in this regard is matter of defense.  (*Northrup v. Wills*, 65 Kan. 769, 70 Pac. 879.)   But defendants in error contend that the case-made does not show that it contains all the pleadings and evidence.   Its recital is that it contains all the "proceedings." This term, as thus used, includes the evidence. (*Lindsay v. Comm'rs of Kearny Co.*, 56 Kan. 630, 44 Pac. 603.)   Whether it also includes the pleadings need not be determined, since to review the question presented it is not necessary that the record should contain all of the pleadings at any time filed in the case.   The case-made here sufficiently shows that it contains all the pleadings upon which the trial was had, and that is enough for present purposes.

A contention that the record does not include all of the pleadings upon which the case was tried might be based with some degree of plausibility upon the fact that the plaintiff designated its final statement of its cause of action as its "amendment to the amended pe-

tition.'' No ''amended petition'' other than this is set out. If it is to be assumed that this pleading must be considered in connection with a former one, to which it is merely an addition, the omission of such former pleading prevents a review ; but it is apparent from the entire record that such is not the case. However inapt for the purpose, the phrase ''amendment to the amended petition'' was obviously used by the plaintiff to designate an amendment of the amended petition by changing its entire structure—a recasting of the pleading. This appears from the fact that its subject-matter clearly shows that it is intended to be in itself a complete statement of the cause of action, without reference to any prior pleading. Moreover, the two answers to this very pleading, although called by the plaintiff who prepared the case-made answers to ''the amendment to the amended petition,'' are designated by the defendants themselves as answers to the ''second amended petition,'' and throughout these answers this pleading to which they respond is called the ''second amended petition,'' although the plaintiff in his reply continues to refer to it as the ''amendment to the amended petition.'' The pleading was in fact just what the defendants themselves aptly entitled it, a second amended petition. With the answers and replies, it constituted the pleadings on which the case was tried, and any omission from the record of an earlier petition is immaterial.

It is only necessary that a case-made shall contain ''a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of.'' (Gen. Stat. § 5033.) The amended pleading entirely superseded that for which it was substituted (*Reihl v. Likowski*, 33 Kan. 515, 6 Pac. 886), and there was no

·occasion for the latter being preserved in the record made for the reviewing court. The situation is very different from that presented in *Rinard v. Gardner*, 49 Kan. 563, 31 Pac. 134. There the original petition was amended before trial. The record showed only the original petition and did not show the amendment or any amended petition. Consequently this court had no means of knowing upon what issues the case was tried. Here the complete issues, as finally made up, are shown, and the various steps by which the pleadings reached their final stage are not important.

The judgment is reversed and a new trial ordered.

All the Justices concurring.