The County of Muscatine v. Carpenter.

33   41
103   257

## THE COUNTY OF MUSCATINE v. CARPENTER.

1. **Bond; OFFICER: ILLEGAL CONTRACTS.** The rule recognized that contracts made in violation of law, or upon an illegal consideration, or which have for their object any thing which is repugnant to the common law, or which are contrary to the provisions of a statute are void.

2. —— Where a bond, executed to a county by a person who was a member of the board of supervisors, with another as surety, stipulated for the proper expenditure of certain funds appropriated by the board for the construction of certain bridges, and paid into the hands of the obligor before the commencement of the work by the county treasurer, it was *held*, that the case did not fall within the rule before stated, although the statute provided (Rev., § 293) that no part of the appropriation, in such cases, should be drawn from the county treasury until the work should have been actually commenced, and then only in such sums as might be necessary to pay for the work as it progressed on certified estimates of the engineer or agent in charge.

*Appeal from Muscatine District Court.*

SATURDAY, DECEMBER 16.

THE action was upon a bond excuted by C. M. McDaniel and Cyril Carpenter, the appellant, as follows :

"Whereas, the board of supervisors of Muscatine county, at their June Session, 1866, appropriated, out of the road and bridge fund of said county, the sum of $150, for the purpose of building three bridges over Honey Creek, in Orono township; and the further sum of $50, for the purpose of completing a bridge on

the road leading west from Lord's Ferry in said township. *Now*, if the said C. M. McDaniel will, well and truly use and expend said sum of $200, so appropriated as aforesaid, for the purposes, and in the places intended, and according to the spirit, meaning and intent of said board of supervisors in making said appropriation, and shall settle with said board or the clerk thereof, and account for said sum of money within nine months from the date hereof, then," etc.

Dated June 29, 1866.

Breaches of the bond were duly alleged and judgment demanded.

The original notice was served on Carpenter but not on McDaniel.

Carpenter answered : 1st. By " a denial of each allegation of the petition not admitted to be true."

2d. " That the defendant McDaniel was, at the date of the bond, and during the year 1866, a member of the board of supervisors of Muscatine county, elected by, and representing the said township of Orono ; that, as such supervisor, he caused and procured the said appropriation to be made, and caused and procured the passage of a resolution by the board, directing said money to be paid to him from the county treasury, and, in pursuance of said resolution, the warrant in his favor was drawn and delivered to him by the clerk, and the money was paid thereon by the county treasurer.

That at the time of such appropriation, direction and payment, work had not been commenced on said bridges, nor had any steps been taken in relation to said work. That said resolution and payment of money to McDaniel formed the sole consideration for the execution of said bond, and that Carpenter signed the same as surety, and was not indemnified against loss by reason thereof nor did he derive any benefit therefrom. " And that the con-

sideration of said bond was unlawful, against public policy and contrary to the statute."

To this affirmative defense plaintiff demurred. The court sustained the demurrer. Defendant, excepted and appeals.

*Richman & Carskadden* for the appellant.

*Lyman A. Ells* and *E. F. Richman* for the appellee.

MILLER, J. — Section 293 of the Revision of 1860 provides: "That where money has been, or shall be appropriated by the county court (now board of supervisors) for any work of internal improvement in any county, for the erection of any bridge, or the construction of any highway, no part of said appropriation shall be drawn from the county treasury, for the purpose aforesaid, until the work shall have been actually commenced in good faith, and then only in such sums as may be necessary to pay for the work as it progresses, on regular certified estimates made by the engineer, superintendent, or agent having charge of the work."

It is claimed by appellants that this provision of the statute was violated by the board of supervisors when they directed their clerk to draw the warrant for $200, in favor of McDaniel; and by the county treasurer in paying the money on the order, the answer averring that the work ordered had not been commenced, etc., and that the bond is therefore void. It is a general and well-settled rule of law that contracts made in violation of law, or upon an illegal consideration, or which have for their object any thing which is repugnant to the common law, or contrary to the provisions of a statute, are void. See *Marienthal* v. *Shafer*, 6 Iowa, 223; *Cole* v. *Parker*, 7 id. 167; *Gunther* v. *Dewein*, 11 id. 133; *Reynolds* v. *Nichols*, 12 id. 398; *Pike* v. *King*, 16 id. 49; *Allison* v. *Hess*, 28 id. 388. And contracts which are against public

policy, though not prohibited by statute, the courts generally refuse to enforce. *Boardman and Brown* v. *Thompson*, 25 Iowa, 487, and cases cited.

We are of opinion, however, that the bond in this case does not come within the rule. Conceding that McDaniel drew the money from the county treasury in violation of the statute, the object and purpose of the bond was that he should disburse it for lawful objects, and account to the board of supervisors for its expenditure. It would hardly be contended that a public officer, who makes an illegal use of public funds, cannot be made to pay it back in an action against him. And where he has done this, and executes a bond with sureties to pay over, the case would not be different.

Again this bond was made for the purpose of protecting the public — the county — against loss of its funds, which had been legally appropriated for lawful objects. Now, that one set of officers may have enabled another officer to draw these funds from the county treasury, in a *manner* not allowed by law, cannot prejudice the public — the political corporation — and deprive it of the right to recover for the misapplication of its funds. If all the county officers had united in the violation of the law, in respect 'to the county funds, and had actually robbed the treasury of its entire contents, the illegal act of one would afford no shield against the legal responsibility of the others or of their sureties. So the illegal acts of the board of supervisors, clerk and treasurer, in respect to the *manner* of paying out the moneys of the county, which had been regularly appropriated for legal purposes, can afford no defense to an action on a bond given to secure the faithful disbursement of the moneys thus appropriated. There was, therefore, no error in the order of the court below sustaining the demurrer, and its judgment is

Affirmed.