## The American Insurance Company of Chicago, Illinois v. Oliver E. Woodruff.

*Premium note: Insurance policy: Surrender: Notice: Delivery to a stranger.* A surrender of an insurance policy, such as to discharge the insured from liability on a premium note, under an arrangement that upon surrendering the policy the note should be delivered up, must be accomplished by a dealing immediately and directly with the company or its agents; and a delivery to a stranger, with notice to the company, is not enough.

*Premium note: Suit by foreign corporation: Record: Presumptions: Plaintiff's course of proof.* Where in a suit by a foreign corporation upon a premium note, the plaintiff, as part of its case, introduced evidence of its authority to do business in Michigan, a court of review may legitimately assume, though the record does not otherwise disclose it, that the contract of insurance was made in Michigan.

AMERICAN INSURANCE CO. OF CHICAGO *v.* WOODRUFF.

*Premium note: Suit by foreign corporation: Evidence: Authority to contract: Presumptions.* But where objection taken to the admission in evidence of the note sued upon, on the ground that there had been no showing that plaintiff was authorized to do business in Barry county, was overruled and no reason given, it will not be presumed against this ruling, in the absence of any thing in the record to show it, that the contract of insurance was made in that county, though the plaintiff's course of proof indicates it was made in Michigan.

*Practice: Presumptions.* Nothing will be presumed against the correctness of a ruling, which does not appear by the record.

*Bills of exceptions: Evidence: Misstatements.* The statement in the bill of exceptions, that all the evidence is set forth, when it is manifest such is not the fact, is misleading and wrong.

*Heard April 7. Decided April 18.*

Error to Barry Circuit.

*James A. Sweezey,* for plaintiff in error.

*Charles G. Holbrook* and *William Burgher,* for defendant in error.

CAMPBELL, J :

Plaintiff sued defendant in Barry county upon a premium note dated March 7th, 1872, and payable in annual installments. The defenses set up specially were, fraud in the procurement of the note, failure as a foreign corporation to comply with the insurance laws, and a special bargain that the policy might be surrendered, and that it was surrendered.

Defendant was allowed, against objection, to show that at the time the policy was executed he made a verbal agreement with plaintiff's agent that he might surrender the policy whenever he should see fit, and that upon surrendering the policy the note should be delivered up, and no further premiums become due. And under this arrangement he showed that some time in the year 1874 (but whether any installment was in arrears then does not appear), "he surrendered his said policy by giving it over to one Brown, the agent of another insurance company," giving notice thereof to the agent of the plaintiff.

The bill of exceptions does not set forth the terms or conditions of the written policy. But the evidence showed no surrender to the company. In the absence of some explanation, a surrender could not very well be made out without dealing immediately and directly with the company or its agents. Notice cannot amount to a surrender (unless so agreed), without giving up the policy. Here the policy was given up to a stranger, and the agent was not bound to hunt him up to obtain it. It should have been given to the agent or transmitted so as to reach him or his principal.

There being no surrender, the validity of the agreement becomes of no importance, and need not be considered. In the somewhat meager and ambiguous state of the record, it would be useless to attempt it, where the question is not likely to arise again.

It is urged that if there was error in holding the policy surrendered, it becomes immaterial by reason of a failure to prove a right to sue at all. It is claimed the plaintiff has failed to show any right to do business in Michigan, and cannot recover on a premium note for a Michigan policy.

Although the note bears no mention of the place where it was made, and is payable generally, and although the bill of exceptions is so drawn as not to show where the policy was issued, or by whom, yet the plaintiffs, by introducing as a part of this case their Michigan authority, thereby showed that they meant to meet the case as a Michigan transaction. A first impression led strongly to the belief that the record showed that the plaintiffs made out no cause of action. But upon considering the objections taken on the trial, this conclusion seems erroneous.

The first papers introduced were the certificates and licenses from the state commissioner's office, showing that the plaintiffs had brought themselves within the requirements of the statutes, so far as this could be done by filing all the needful papers and evidences with the secretary of state or insurance commissioner. Objection was made that these

papers were immaterial, and did not comply with the requirements of the statutes. This objection was overruled, as it properly should have been. Whether these were all the evidences required or not, they were certainly good as far as they went.

The note in question was introduced, and was met with the objection that there had been no showing that the plaintiffs were authorized to do business in the county of Barry. This objection was overruled also, and for what reason does not appear. But as it is not shown by the bill of exceptions that either note or policy was made in Barry county, we cannot presume that they were, nor can we presume any thing against the correctness of the ruling which does not appear. While the course of plaintiff's proof authorizes us to assume the contract was made in Michigan, it does not authorize an assumption that it was made in any particular county.

We must assume for the purposes of the present hearing, that the court below ruled correctly on the power to sue upon the note, and therefore the error concerning the surrender of the policy was material.

We notice in this record a statement that all the evidence in the case is set forth, when it is manifest such is not the fact, and we have been unable to ascertain what was shown on the most important fact in the case. This method of statement is misleading and wrong.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.