## The American Insurance Company v. Henry T. Cutler.

*Promissory notes: Illegal consideration: Presumptions.* In an action upon a note, given for a premium upon a policy of insurance, which is payable generally, and makes no mention of the place where made, it appearing that the plaintiff is a foreign corporation, it will not be presumed, in the absence of any thing showing where the policy for which the note was given was issued, that it was a Michigan policy, and was issued, and the note given for it, in violation of the laws of the state applicable to foreign insurance companies doing business here.

*Submitted on briefs April 6. Decided April 17.*

Error to St. Joseph Circuit.

*Alfred Akey* and *J. M. Bailey,* for plaintiff in error.

*O. F. Bean* and *W. Sadler & Son,* for defendant in error.

MARSTON, J:

This was an action of assumpsit brought upon a premium note under a policy of insurance dated January 28, 1873. The suit was commenced and tried in justice's court and a judgment rendered in favor of the defendant. The company removed the cause by *certiorari* to the circuit court, where the judgment of the justice was affirmed. The case comes here on writ of error.

Upon the trial the plaintiff introduced the note in question, whereupon the defendant admitted the existence of the plaintiff as a foreign corporation, created under the laws of Illinois, but did not admit its authority to do business in this state. Defendant then objected to the admission of the note in evidence because plaintiff had not averred in its declaration, or proved, and did not offer or propose to prove, that it had complied with the laws of this state applicable to foreign insurance companies, authorizing it to transact business in this state during the year 1873. No such proofs having been introduced, offered, or proposed, the court sustained the objection and rendered judgment as already stated.

The note bears no mention of the place where made, and is payable generally. There is nothing in the record tending to show where the policy was issued, nor from which it can be inferred that the policy was a Michigan policy. The note appears to have been given for value, and we cannot presume that it was given in Michigan in violation of a law of this state. This case resembles very closely *American Insurance Co. v. Woodruff, 34 Mich., 6,* except that as the question there arose, the presumption was in favor of the correctness of the rulings. No such presumption exists in this case, as all the proceedings and evidence are set forth. The judgments of the justice and circuit courts must be reversed, with costs.

The other Justices concurred.