W. R. GREEN v. THE SCHOENHOFEN BREWING COMPANY, Appellant.

Contracts: PUBLIC POLICY: *Sureties.* At a time when selling liquor in original packages was legal, a non-resident appointed an agent to so sell. He sold by the glass in violation of his contract of appointment, and, the liquors of his principal being thereupon seized, he became the surety of the principal on a replevin bond in an action to reclaim the liquors. He was ultimately compelled to make payment on account of said bond. · *Held,* he is not estopped to recover such payment.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, OCTOBER 16, 1897.

THIS appeal is by the defendant from a ruling sustaining plaintiff's demurrer to its answer, and judgment in favor of plaintiff upon defendant's refusing to further answer.—*Affirmed.*

*Hayes & Schuyler* and *P. E. C. Lally* for appellant.

*W. R. Green* and *E. H. Swasey* for appellee.

GIVEN, J.—I.    Plaintiff states as his cause of action that the defendant, a corporation organized and doing business under the laws of Illinois, commenced

an action in replevin against William S. Armstrong, sheriff, to recover possession of certain property; that defendant executed a replevin bond in the sum of eight hundred dollars, with John Mullen as surety; that judgment was rendered in said action in favor of the defendant therein on said bond for four hundred dollars and costs, which judgment was affirmed on appeal to this court (89 Iowa, 673); that this defendant failed to pay said judgment; that execution was issued thereon, and that said John Mullen was compelled to pay the same, with interest and costs, amounting to over five hundred dollars; that defendant refused to pay said Mullen on demand; and that thereafter Mullen, for a valuable consideration, assigned said claim to the plaintiff,—wherefore plaintiff asks to recover six hundred dollars and costs.   The defendant's answer, in effect, admits the allegations of the petition, and alleges that it is under no obligation to reimburse said Mullen, because of the following facts:   That its business is the manufacture and sale of lager and other beers, and its place of business is in the city of Chicago, Ill.   That it entered into a contract in writing with said Mullen, as follows:   "This agreement, made this 1st day of May, A. D. 1890, between the P. Schoenhofen Brewing Company, a corporation of the city of Chicago, county of Cook, and state of Illinois, party of the first part, and John Mullen, of the town of Audubon, county of Audubon, and state of Iowa, party of the second part, witnesseth:   That, for and in consideration of the sum or sums of money hereinafter mentioned, paid to the said party of the second part, the said party of the first part has and does employ the said party of the second part to sell the beer made and manufactured by the said party of the first part, and to give all his time and attention to their said business in the town last aforesaid, and adjacent territory.   The said party of the second part agrees to remit to said party of the first part

all the moneys which he may collect for said party of the first part in their said business immediately and without delay, and to sell only for cash, at the followings prices: Keg beer: 'Select' or 'Standard,' per barrel, $10.00; 'Edelweiss,' per barrel, $12.00. Bottled beer: 'Export,' per case, 2 doz. qts., net, $2.75; per barrel, 9 doz. qts., net, $————. 'Edelweiss,' per case, 2 doz. qts., net, $3.00; per barrel, 6 doz. qts., net, $3.00. Party of the second part further agrees, that, when payments are delinquent, to push the collection of the same to the best of his ability. For and in consideration of the afore-mentioned covenants and agreements, the said party of the first part agrees to pay said party of the second part the sum of fifty ($50) dollars per month during the term of the existence of this contract. The said party of the first part reserves to itself the right to abrogate or cancel this agreement at any time. In witness whereof, the said parties have hereunto set their hands and seals, the day and year first above mentioned." That on the same day a written contract, identical in terms, was entered into between defendant and one William Burns, of Audubon county, Iowa. That on May 6, 1890, each of said contracts was modified by writings signed by said Mullen and Burns, respectively, as follows: "In consideration of the P. Schoenhofen Brewing Company, of Chicago, Illinois, allowing me a rebate of four dollars per barrel of keg beer, and ———— per barrel of bottled beer, and eighty-five cents per case of bottled beer, from the retail prices in my town on all beer manufactured by them, and sold by me, I covenant and agree to relinquish any and all claims I now have, or may hereafter have, against the said P. Schoenhofen Brewing Company for work in placing their goods, wares, and merchandise on the market, and also for allowances, if any, agreed to be paid me by the said P. Schoenhofen Brewing Company

in a former agreement, bearing date May 1, 1890. The above reduction may be hereafter modified by mutual agreement, if found necessary by any change in the market or in the price of the raw material. I also bind myself to pay to said P. Schoenhofen Brewing Company for all beer sent me by said company, or to other parties in the state of Iowa on my order." That said contracts, so modified, were in force from their date until after said judgment was rendered. Defendant further states in said answer as follows: That after the making of said contracts, and prior to the seventh day of July, 1890, the said defendant shipped to itself at said Audubon, and there turned over to said John Mullen and William Burns, certain intoxicating liquors,—beer,— so manufactured by it, which was so shipped under and by virtue of said contracts, and which was so received and held by said John Mullen and said William Burns, being divided between them as they saw fit, each with full knowledge of all facts in connection therewith, as herein alleged, and with intent to sell the same in Iowa, according to and under the terms of said contracts, and from which they did so sell at wholesale, retail, and by the glass at said place; and, while the same was so being held by them, part of each separately, search warrants were issued by a justice of the peace in and for said Audubon county against each of them, under the provisions of section 1544 and subsequent sections of the Code of Iowa, for the purpose of seizing and destroying said liquor, as being kept in violation of the laws of the state, and under and by virtue of which warrant the sheriff of said county, being the William S. Armstrong mentioned in the petition, seized the same, and, while the said liquors were so held by said sheriff, and on or about the seventh day of July, 1890, the said John Mullen, for said defendant, and in the name of the defendant herein, brought an

action in replevin therefor in the district court of the state of Iowa in and for Audubon county, and thereunder took possession of said liquors, the said John Mullen signing the bond in said action as surety, which is the same suit and proceeding mentioned in the petition, and which proceeded to judgment as therein set out. The defendant admits the issuing of execution and the payment of said judgment by said Mullen, as alleged, but says that, by reason of the facts hereinbefore set out, no obligation exists upon its part to either reimburse said Mullen, or contribute towards the payment by him of said judgment.

The plaintiff demurred to said answer upon the following grounds: (1) That the agreements set forth therein, and alleged to have been made by and between the defendant and John Burns and William Mullen on the first day of May, 1890, and on the sixth day of May, 1890, are not in any way contrary to, nor do they provide for any act contrary to, public policy. (2) It is nowhere alleged in said answer that the proceedings referred to in the petition as a basis for plaintiff's action were provided for, contemplated by, or done under and in pursuance of, said contracts, or either of them. (3) That it is not alleged therein that there was any understanding, at the time when said agreements were made, that any illegal acts should be carried on through or by means of said contracts, or the liquors referred to therein, nor is it alleged that any illegal act was done under and in pursuance of said contracts, or any understanding had between the parties making the same, at the time they were made.

II. Appellant's first contention is that said contracts were made with a view to the sale of beer in this state, in violation of the laws thereof, that the seizure and replevin of the beer grew out of this unlawful purpose, and that, Mullen being a party to the

wrong, his assignee cannot enforce contribution. Plaintiff stands in the place of Mullen, and cannot recover unless Mullen could. The contracts were entered into May 1, modified May 6, and the beer turned over to Mullen and to Burns was seized before, and replevied and the bond given on, July 7, 1890. It is not questioned that, under the decision of the supreme court of the United States in *Leisy v. Hardin*, 135 U. S. 100 (10 Sup. Ct. Rep. 681), it was lawful for the defendant corporation to bring its beer into this state in the original packages, and to sell it in such packages, during all the time between May 1 and July 7, 1890. The contracts, as first made, provide expressly for sales "per barrel" and "per case," and do not authorize any other kind of sales than in these original packages, and the modification does not change the contract in this respect. These contracts were neither illegal nor contrary to public policy, and there is nothing therein that contemplates or authorizes a violation of law. Appellant cites *Harley v. Stapleton*, 24 Mo. 248; *Muscatine County v. Carpenter*, 33 Iowa, 41; *Marienthal v. Shafer*, 6 Iowa, 223; and *Reynolds v. Nichols*, 12 Iowa, 399. In each of these cases the action was upon a contract held or claimed to be illegal, while in this it is upon a legal contract.

III.    It is said in the answer that Mullen and Burns did separately sell said beer "at wholesale, retail, and by the glass at said place." It is insisted that, by selling at retail and by the glass, Mullen violated the law, and caused the seizure that necessitated the replevin of the beer, and therefore plaintiff is estopped from recovering. The contracts set up have no reference whatever to the giving of a replevin bond. When Mullen executed that bond as surety for the appellant, the law implied a contract on the part of appellant to reimburse him for whatever he might have to pay on

the bond. It is conceded that the ownership of the beer remained in the appellant; that appellant authorized the bringing of the replevin action and the execution of the replevin bond. If Mullen sold beer at retail, in violation of his powers as agent and of the laws of the state, that presents no reason why appellant should be exempted from liability upon a legal contract between them.—AFFIRMED.