ROSINA FALK v. FERD. HEIM BREWING COMPANY.

**No. 420.**    (62 Pac. 716.)

CONTRACTS—*Illegal or Immoral Subject-matter—Intoxicating Liquors.* If a contract grows immediately out of or is connected with an illegal or immoral act, a court of justice will not enforce it.

Error from Wyandotte district court; H. L. ALDEN, judge. Opinion filed October 27, 1900. Reversed.

### STATEMENT.

DEFENDANT in error sued plaintiff in error upon two notes of $1000 and $800, respectively, and two mortgages given to secure the same. The first note and mortgage were given by Charles F. Hahn, and the second by the plaintiff in error and her husband and Hahn. The controversy in this case arises over the second note and mortgage. By the answer of the Falks, who owned the property at the time the second mortgage was made, they say that, theretofore, Joseph Heim, the vice-president of the defendant in error, sent for Rhinehart Falk, the husband, to come over from Kansas City, Kan., to Kansas City, Mo., to see him on business; that Falk called upon him at his brewing establishment, and that Heim made to him the following proposition:

. "I want you to erect a building in Kansas City, Kansas, on that property of your wife (referring to

the mortgaged premises), for the purpose of carrying on a joint or saloon and selling our beer; all I and we want is to invest our money that we may get a chance to sell our beer, and we will furnish all the money to erect a building and to buy and put in a bar and all necessary fixtures for the conduct of the business; the brewing company will furnish all the beer and other liquors needed to start the business and keep it running and deliver the same in Kansas City, Kan., on the mortgaged premises, to be sold and drank thereon; the company will also furnish money from time to time to you to pay such fines and assessments as may be needed to be paid in the city of Kansas City, Kan., for selling liquors in violation of the prohibitory liquor law of the state of Kansas; you, and your wife Rosina, and Hahn, will have to execute to the company a note to be secured by a mortgage on the premises in the aggregate amount for the abovementioned purposes before the delivery of any money by the company; the note to bear a small rate of interest.''

In pursuance of this agreement they executed the $800 note and mortgage and delivered the same to the brewing company, and the company caused to be delivered to its agent, one Berger, the said $800, to be paid over as needed during the progress, construction and fitting up of the building for saloon purposes. In further pursuance thereof, the Falks made arrangements to construct the building and furnish the same with the paraphernalia, glasses, bottles, bar and bar fixtures necessary to be used in a saloon, and as the money was needed therefor drew on Berger, the agent of the plaintiff, for the necessary amount to pay therefor, until the building was completed and furnished for saloon purposes, in violation of the prohibitory liquor law of Kansas. When the building was completed Falk opened the same for saloon purposes, and proceeded to sell upon said premises beer

delivered to him by the plaintiff, and it was alleged that the $800 note sued on consisted of the amounts received of plaintiff through said agent for the purposes of erecting and furnishing said building on said premises for the purposes aforesaid under the contract with the plaintiff, and for no other purpose. To this answer the plaintiff filed a general denial. Upon the issues so joined the case was tried to a jury, and at the conclusion of the evidence of the defendant, upon whom the burden of proof rested, the court sustained a demurrer thereto, and peremptorily directed the jury to return a verdict for the plaintiff for the amount of both notes and interest.

*W. S. Carroll*, and *D. J. Maher*, for plaintiff in error.
*Moore & Berger*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : From the record, it appears that the view the district judge took of the case was that, inasmuch as it appeared from the evidence that the building itself cost $800, and that all the money furnished at that particular time was put in the building, therefore there was a lawful part of the contract to be enforced. The evidence sustained the allegations of the petition, at least *prima facie*. It disclosed a deliberate arrangement on the part of the plaintiff brewing company to establish in the state of Kansas, in violation of law, a business for its own profit. It appeared that it bought and owned the fixtures, bar, etc., and necessary furnishings for a saloon. That the giving of the mortgage grew immediately out of and was connected with an illegal act, there is no question from the evidence. It was not founded upon any new consideration, but was a part of an entire arrangement.

Chancellor Kent, in his Commentaries, volume 2, page 466, says : ''If the contract grows immediately out of or is connected with an illegal or immoral act, a court of justice will not enforce it.'' The supreme court of this state, in *Wallach v. Wylie, as Sheriff*, 28 Kan. 151, *et seq.*, adopted this rule in substance. See, also, *Korman v. Henry*, 32 Kan. 49 and 343, 3 Pac. 764, 4 Pac. 262 ; *Gerlach v. Skinner*, 34 Kan. 86, 8 Pac. 257 ; *McBratney v. Chandler*, 22 Kan. 692. Upon the basis of these authorities, the court erred in sustaining the demurrer and directing a verdict for the plaintiff. There was sufficient evidence, at least, to take the case to the jury upon the issue framed.

The judgment is reversed and the case remanded with directions to award a new trial.