L. L. Northrup *et al.* v. The A. G. Wills Lumber Company.

No. 12,787.   (70 Pac. 879.)

SYLLABUS BY THE COURT.

1. Corporations—*Capacity to Sue—Pleading.*   Lack of legal capacity in a plaintiff to sue must affirmatively appear on the face of his petition in order to subject it to demurrer for that reason ; therefore, a petition by a corporation which merely fails to allege that the corporation has complied with the requirements of chapter 10, Laws of 1898, entitling it to sue, but which does not admit expressly or inferentially that it has failed to make such compliance, is not demurrable for lack of legal capacity in the plaintiff to bring the action.

2. ——— *License—Burden of Proof.*   When the issuance of a license to transact business is a matter of record in a known public office, the burden of proving its non-issuance is on the party asserting the negative fact.

Error from Allen district court ; L. Stillwell, judge. Opinion filed December 6, 1902. Affirmed.

*Oscar Foust & Son*, and *Baxter D. McClain*, for plaintiffs in error.

*Altes H. Campbell*, for defendant in error.

49—65 kan.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action in debt to recover the amount of a lumber bill. The plaintiff alleged in its petition as follows:

"That it is and was at all the times hereinafter stated a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Texas."

The defendants demurred to the petition for the reason that it showed on its face a lack of legal capacity to sue. The demurrer was overruled, a trial had, and judgment rendered for plaintiff. Proper objections to the sufficiency of plaintiff's evidence were made and overruled. The defendants have prosecuted error to this court.

The ground of the demurrer to the petition was that the pleading showed the plaintiff to be a foreign corporation and failed to show that it had complied with the requirements of chapter 10, Laws of 1898, the last provision of section 12 of which act reads as follows:

"No action shall be maintained or recovery had in any of the courts of this state by any corporation doing business in this state without first obtaining the certificate of the secretary of state that the statements provided for in this section have been properly made." (Gen. Stat. 1901, § 1283.)

The above-mentioned act has been held to apply to foreign as well as domestic corporations. (*The State v. Book Co.*, post, 69 Pac. 563.)

The demurrer was not well taken. The petition did not show on its face that the plaintiff lacked legal capacity to sue. It did not show anything on the subject, and, as against a demurrer, it did not need to

make such showing, because demurrers to petitions will only lie when the defect affirmatively appears on the face of such pleadings.

"But this point cannot be raised by a demurrer, upon the ground that the complaint shows on its face that the plaintiff has no capacity to sue, for the complaint does not show anything of the kind.   The most that can be said is that the complaint fails to show that the plaintiff has been invested with power to sue, but such omission affords no ground for demurrer, as it is based upon a defect (if defect it be) in the complaint, and not upon what it shows on its face.   The code, in section 165, allows a demurrer only when it appears upon the face of the complaint 'that the plaintiff has not legal capacity to sue,' and, as that does not appear upon the face of the complaint in this case, it is clear that the demurrer cannot be sustained on the first ground, as the code does not provide for a demurrer on the ground of any omission in the complaint, except an omission to state facts sufficient to constitute a cause of action." (*Cone Company v. Poole*, 41 S. C. 70, 24 L. R. A. 289.)

The answer in the case alleged that the plaintiff had not complied with the statute before quoted by obtaining the certificate therein mentioned.   There was no evidence whether it had made such compliance.   If the burden rested on plaintiff to make such showing, and it failing, as it did, to make it, judgment should not have been rendered in its favor, and the defendants' motion for new trial should have been sustained. However, such burden did not rest on plaintiff.   It is true that the filing of the statements and the performance of the other acts required by the statute before mentioned, including the procurement of the certificate, are conditions prerequisite to the doing of business; they constitute a license to do business; but, inasmuch as the statements filed and acts performed are made and kept of record in a public office, and

but one public office, that of the secretary of state, they are as accessible to one person as another, and, therefore, whoever asserts they have not been filed or performed takes on himself the burden of proving such negative fact. The case is fully within the exception to the rule laid down in *The State v. Wilson,* 62 Kan. 621, 64 Pac. 23, 52 L. R. A. 679, in stating which exception, as applied to the character of case then under consideration, it was said :

"In other words, where evidence to prove the negative averment is not peculiarly within the knowledge of the defendant, but is also within the knowledge and control of, or, upon reasonable effort and by the exercise of proper diligence, may be secured by, the state, then the prosecution is bound to produce such evidence, and, failing to do so, the defendant ought to be acquitted."

The above considerations obviate the necessity of determining what is a doing of business in this state by a corporation of another state engaged in interstate trade.

The judgment of the court below is affirmed.

All the Justices concurring.