A. P. COPPEDGE *et al.* v. THE M. K. GOETZ BREWING COMPANY.
No. 13,277.   (73 Pac. 908.)

| 67 | 851 |
| Case 2 | |
| 71 | 642 |

Error from Decatur district court; JOHN R. HAMILTON, judge.   Opinion filed October 10, 1903.   Affirmed.

*L. H. Thompson, T. W. Simmons*, and *Wilson & Langmade*, for plaintiffs in error.
*Tully Scott*, for defendant in error.

*Per Curiam:* After the issues were made up in this case, it was tried on an agreed statement, from which it appears that the plaintiff, a non-resident corporation, was the

owner of certain bars, mirrors, etc., paraphernalia ordinarily and generally used in maintaining a public nuisance under the prohibition law; that the property, at the time of its destruction, was of the value of $350; that it was leased to one C. T. Conner, to be used by him in the town of Norcatur, Decatur county, in maintaining a place where intoxicating liquors were sold contrary to law. As a consideration for the use of the property, Conner agreed to sell no other beer than that furnished by plaintiff. At the time the property was destroyed it was being used by Conner in keeping and maintaining a place where intoxicating liquors were sold, bartered and given away contrary to law, with the knowledge and consent of the plaintiff. The defendants, as citizens, and without other authority, entered the place so kept by Conner and destroyed all of such property. This action was brought to recover the value thereof. The plaintiff recovered judgment, and defendants prosecute error to this court.

Defendants make no attempt to justify their acts. They contend that, admitting their wrongs, plaintiff cannot recover, because it is a non-resident corporation and had not, prior to bringing the action, complied with section 1260 of the General Statutes of 1901, which provides that every foreign corporation shall, before doing business in Kansas, procure a license therefor. There is nothing in the agreed statement upon this question. Under the authority of *Northrup v. Wills*, 65 Kan. 769, 70 Pac. 879, the burden of showing that a non-resident corporation which brings an action in Kansas has not complied with the laws of Kansas and has not obtained a certificate to do business therein is upon the defendant.

It is also contended that plaintiff could not recover against defendants without showing its own unlawful connection with Conner in violating the prohibitory law of Kansas, and therefore could not maintain this action. If a plaintiff cannot prove his cause without showing that he has violated the law in the transaction out of which his alleged cause of action arises and upon which he relies for a recovery, a court of justice will not assist him. (1 Suth. Dam., 2d ed., §5; *Falk v. Brewing Co.*, 10 Kan. App. 248, 62 Pac. 716.) This principle only applies, however, where the cause of action is depending immediately upon the illegal transaction for its support. In the present case the plaintiff did not rely upon its illegal contract with Conner for a right of recovery. Its cause of action against the defendants for the wrongful destruction of its propert-

does not depend upon or grow out of the unlawful transaction between it and Conner.

Some argument is made in support of the doctrine that this property had no value, because of its unlawful use at the time it was destroyed.   This question was entirely eliminated from the case by the agreement of the parties that it was of the value of $350.

The judgment of the court below is affirmed.