JOSIAH JORDAN *et al.* v. THE WESTERN UNION TELEGRAPH COMPANY.

No. 13,590. (76 Pac. 396.)

SYLLABUS BY THE COURT.

1. INJUNCTION—*Prosecution of Actions in Other Courts.* Courts of equity have jurisdiction to entertain an action brought to enjoin the prosecution of a large number of actions in another court, where such actions are groundless, vexatious, and not prosecuted in good faith.

2. FOREIGN CORPORATION—*Right to Sue in Kansas.* An action by a non-resident corporation doing business in this state will not be dismissed because it has not technically complied with the provisions of section 1283, General Statutes of 1901, when an honest effort to comply has been made, and a compliance had so far as was possible.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed April 9, 1904. Affirmed.

*Allen & Allen, E. D. McKeever, W. S. McClintock, J. S. Ensminger, Stebbins & Evans,* and *S. B. Isenhart,* for plaintiffs in error.

*Rossington, Smith & West,* and *George H. Fearons,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The object of this action was to enjoin the prosecution of 542 separate suits brought by defendants Jordan, Blackman, Armstrong, Kassabaum, and Jones, by their attorneys, E. D. McKeever and W. S. McClintock, before T. T. Wright, a justice of the peace of Shawnee county.   The petition shows that the plaintiff was a telegraph company doing business in the state of Kansas and the various other states of the Union ; that there had been presented to it by the several defendants, in the aggregate, 542 telegrams for transmission over its lines, accompanied by a fee of fifteen cents for each one, with a demand that such messages be transmitted, all of which was done in pursuance of the provisions of chapter 38 of the Laws of 1898 ; that such transmission was refused, and thereupon the 542 actions were brought as above noted, each for the recovery of the penalty and attorney's fee provided for in said act ; that the act was unconstitutional and void, and, therefore, that no recovery could be had against the plaintiff in any of said actions ; that none of said telegrams was tendered for transmission in good faith, and that said actions were brought for the purpose of annoying and vexing the plaintiff.   Plaintiff prayed that the defendants be permanently restrained from the prosecution of said actions.

As a feature of the claimed unconstitutionality of the questioned act, it was averred that the rate for the

transmission of messages as therein fixed was inadequate and confiscatory. The defendants filed various motions and demurrers raising different questions of law. T. T. Wright, the justice of the peace, was dismissed from the case. The issues were finally closed by answer, and the Honorable J. G. Slonecker was appointed referee to take evidence and make findings of fact and of law, which in due time he did. Upon his report the court rendered judgment as prayed for by plaintiff, and the defendants bring error.

Not a few of the questions raised are merely academic. The law under which the 542 actions were brought before the justice having been by this court decided to be unconstitutional and void, they had no basis of law upon which to stand. (*Telegraph Co. v. Austin*, 67 Kan. 208, 72 Pac. 850.) Some of the points raised, however, may be entitled to brief consideration.

It is claimed that the court had no jurisdiction to determine the matters involved, inasmuch as all of these questions were embraced in the actions pending before the justice, which actions were for the recovery of money and in which the parties had a right to a trial by jury; that this right could not be taken from them thus indirectly by the interference of a court of equity. It has long been a well-recognized function of courts of equity to take cognizance of actions like this. Here were 542 separate actions, which the petition alleged to be not only groundless but vexatious, and brought for the purpose of annoying the plaintiff. The question is whether the actions may be maintained at all, rather than whether upon a trial of them a jury may be had. Surely it would be inequitable to permit parties to proceed *seriatim* to the trial of 542 baseless and vexatious actions for

the purpose of accomplishing no beneficial result.
The mere multiplicity of actions might not constitute
ground for the relief here sought, though we are not
sure but that instances are found where courts have
interfered to stay proceedings upon all but one of a
like series of actions until the merits may be deter-
mined by the trial of that one ; however this may be,
certain it is that, if the actions are not only numerous
but vexatious and groundless, as here alleged, equity
will promptly intervene.   (*Cole v. Young*, 24 Kan. 435 ;
3 Encyc. of Pl. & Pr. 565 ; *Third Ave. R. R. Co.
v. The Mayor etc. of N. Y.*, 54 N. Y. 159 ; *Board of
Supervisors v. Deyoe*, 77 id. 219.)

It is further claimed that the petition shows that
the plaintiff had no right to maintain this action, it
not having complied with the provisions of section
1283, General Statutes of 1901, and, therefore, that
the demurrer should have been sustained.  The peti-
tion discloses that the plaintiff was a foreign corpora-
tion, but does not disclose that it had not complied
with the requirements of the chapter cited.   This was
defensive matter, and to be availed of should have
been pleaded.   (*Northrup v. Wills*, 65 Kan. 769, 70
Pac. 879.)   The same question, however, was raised
when, during the progress of the case, defendants
asked leave to file a supplemental answer setting up
the fact that the plaintiff had not complied with the
statute.   Permission was denied by the court.   Aside
from the fact that it was discretionary with the court to
grant such permission at the time it was asked, we fur-
ther note that there was a showing made by the tele-
graph company that it had in due time, under the
terms of the law, made an effort to comply therewith
in as full a degree as it was possible for it to do.   If
this attempt was technically insufficient, it did show

an honest purpose and desire to comply with the law, and the court will not now reverse the action of the court below because of the technical insufficiency of this compliance, especially when the plaintiffs in error, in view of the fact that they have no right to recover under the law invoked by them, could obtain no relief.

It is strenuously urged that, although chapter 38 of the Laws of 1898 has been declared void, still the plaintiffs in error had a right to maintain their actions brought before the justice on the common-law liability of the telegraph company, the fee tendered for the transmission of the telegrams being sufficient and not confiscatory. However this may be, as a matter of fact, and whatever may be said about the referee's finding upon this point, the bills of particulars in those actions were brought under the statutes and to enforce the penalty therein prescribed, and not upon any common-law liability of the company.

The judgment of the district court is affirmed.

All the Justices concurring.