ROSA B. DOYLE *et al.* V. GEORGE W. FRANKS.

No. 14,208.    (81 Pac. 211.)

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Lien of Tenant for Repairs Held Valid.* A building used as a place where intoxicating liquors were sold in violation of the law was damaged by flood. The keeper, who was a tenant of the property, furnished labor and material to repair the house, under a contract with the husband of the owner, and continued his illegal business thereafter in the restored building. *Held,* that a lien filed on the property by the tenant might be foreclosed; that the rights of the lienor under the contract did not originate in a transaction offensive to law; that the illegal use of the building was collateral to the contract for its repair, and independent of it.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed June 10, 1905. Affirmed.

*Doyle & McGraw, A. L. Berger,* and *J. H. Luscombe,* for plaintiffs in error.

*True & Sims,* for defendant in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: This was a suit brought by George W. Franks to foreclose a lien for labor done and materials furnished in the repair of a building in Kansas City. The lot on which it stood was owned by Rosa B. Doyle. At the time of the flood of 1903 the building was leased by the owner to the Ferd. Heim Brewing Company, of Missouri. It was occupied by defendant in error as a sublessee under the brewing company, and in it he carried on the business of selling intoxicating liquors in violation of law. The building was damaged by the high water. Under a contract with Thomas H. Doyle, husband of the owner, Franks repaired it, and expended $283 for materials and labor in so doing. To secure the payment of the

Doyle v. Franks.

amount he filed a lien. Defendant pleaded in defense of the suit that Franks repaired the building for the sole purpose of furthering his unlawful traffic in intoxicating liquors. It was established at the trial that plaintiff was engaged in the violation of the prohibitory liquor law in the building at the time it was damaged by high water, and continued his illegal business therein after it was repaired. Plaintiff recovered judgment in the district court, which we are urged to reverse on the sole ground that the contract for the restoration of the building was illegal.

The subject-matter of the contract between the husband of the property owner and Franks was in no wise tainted with illegality. It had relation to the application of labor and the use of materials in the repair of a house adapted to various business purposes. Plaintiff below proved the contract, its performance on his part, and its breach by the party sued, without calling in aid any illegal transaction to assist in supporting his cause of action. The contemplated illegal use of the premises by Franks while the repairs were being made, and the subsequent carrying out of his intention, were mere incidents indirectly connected with a legal contract in all respects innocent. (9 Cyc. 556, f.)

It is contended that because the repairs made on the building were done to facilitate the unlawful traffic in intoxicating liquors a contract with the owner of the property calling for such repairs cannot be enforced. This argument, if sustained, would prevent a recovery by a grocer for provisions furnished on credit to one known to be engaged in the unlawful sale of liquors, and render illegal a sale of clothing to such person, because without food or clothing the lawbreaker could not pursue his prohibited business.

The rights of plaintiff below originated in a transaction not offensive to law. His cause of action was not dependent upon, or affected by, the intended use of

41—71 KAN.

the building. Such use was collateral to the transaction, and the consideration for the contract was independent of it. The following authorities support our position: *Armstrong v. American Exchange Bank,* 133 U. S. 433, 10 Sup. Ct. 450, 33 L. Ed. 747; *Ingram v. Mitchell,* 30 Ga. 547; *National Distilling Co. v. Cream City Importing Co.,* 86 Wis. 352, 56 N. W. 864, 39 Am. St. Rep. 902; *Ware et al. v. Curry,* 67 Ala. 274; *Irving v. Irving,* 169 Pa. St. 529, 32 Atl. 445, 29 L. R. A. 292; *Hoffman v. M'Mullen,* 83 Fed. 372, 28 C. C. A. 178, 45 L. R. A. 410; *Johnson v. Hulings,* 103 Pa. St. 498, 49 Am. Rep. 131; *Green v. Schoenhofen Brewing Co.,* 103 Iowa, 252, 72 N. W. 655; *Coppedge v. Goetz,* 67 Kan. 851, 73 Pac. 908.

The judgment of the court below is affirmed.

All the Justices concurring.