[Civ. No. 798.  First Appellate District.—July 6, 1911.]

# THE CREDITORS' UNION, a Corporation, Respondent, v. A. L. LUNDY, Appellant.

ACTION ON NOTE—NONSUIT PROPERLY DENIED—PRIMA FACIE CASE.—It is held that, in this action upon a note, the evidence for the plaintiff established a *prima facie* case, and that the defendant's motion for a nonsuit was properly denied.

ID.—DEFENSE OF WANT OF CONSIDERATION—INTRODUCTION OF NOTE IN EVIDENCE—PRESUMPTION—BURDEN OF PROOF.—Notwithstanding the defense of a want of consideration of the note, the introduction thereof in evidence carried with it the presumption that it was given for a valuable consideration, and established a *prima facie* case for the plaintiff. The burden of proving the want of consideration was thrown upon the defendant.

ID.—ACTION UPON ASSIGNED NOTE EXECUTED TO FOREIGN INSURANCE COMPANY — FIRST PREMIUM — DEFENSE — NONCOMPLIANCE WITH STATE LAWS—BURDEN OF PROOF.—In an action upon an assigned note executed to a nonresident life insurance company for the first premium on an insurance policy, in which the defendant pleaded as a defense that such insurance company had not complied with the laws of this state, the plaintiff was not required to prove, as part of his case in chief, that the nonresident insurance company, which issued the policy, had theretofore complied with the existing laws governing the transaction of its insurance business in this state; but the burden of proof in that behalf was upon the defendant.

ID.—EVIDENCE—HYPOTHETICAL QUESTION TO SOLICITING AGENT—DECLARATION NOT BINDING.—Where a soliciting agent for the insurance company was asked by the defendant a hypothetical question upon assumed facts, whether the insurance company would have paid the policy under the note for the first premium if defendant had died, it is held that the declaration called for could neither bind the insurance company nor the plaintiff, and plaintiff's objection to the question was properly sustained.

ID.—INCORPORATION OF PLAINTIFF—DESTRUCTION OF CERTIFICATE AND ARTICLES BY FIRE—SECONDARY EVIDENCE.—Where the incorporation of the plaintiff, assignee of the note, was alleged and denied, though the certificate of incorporation, if existing, would be the best evidence of its contents, yet where it is shown that both the original certificate filed with the clerk and the certificate issued by the Secretary of State were destroyed by fire, upon proof that each was duly executed, and that it was lost or destroyed, secondary evidence of its contents was admissible.

ID.—PROOF OF CORPORATION DE FACTO—SUPPORT OF ACTION.—If it be
assumed, as contended by defendant, that the secondary evidence
for the plaintiff falls short of proving a corporation *de jure,* it is
held that the evidence disclosed in the record is amply sufficient to
establish the plaintiff's existence as a *de facto* corporation, which,
as such, was entitled to maintain this action.

ID.—NOTE TREATED AS PAYMENT—RECITAL IN POLICY ISSUED AND AC-
CEPTED—INSURANCE ENFORCEABLE—PROPER REFUSAL OF INSTRUC-
TION.—Where it appears that the note given for the first premium was
treated as a payment, as regards the issuance of the policy to
defendant, who received the same, with the recital of payment of
the first premium, making it clearly enforceable in case of his
death before payment, subject only to deduction of the note from
its face, the court properly refused a requested instruction that
if the jury believed that there was at the inception of the negotia-
tions for the policy an oral agreement by the soliciting agent that
the note in suit need not be paid when due, unless the defendant
then and finally concluded to accept the policy, the verdict should
be for the defendant.

ID.—RECITAL IN APPLICATION THAT FIRST PREMIUM WAS NOT PAID—
ALTERATION—RECITAL OF PAYMENT IN APPLICATION AND POLICY.—
Where the application for the policy as made recited that the first
year's premium was not paid, and the recital therein was changed
by the insurance company so as to correspond to the recital of pay-
ment in the policy issued to and held by the defendant, the
alteration in the application was a fact in the case to aid the jury
in arriving at a conclusion as to when the contract of insurance
was completed and executed, but such alteration was not sufficient
to justify a verdict for the defendant, and a requested instruction
to the contrary was properly refused.

ID.—REQUESTS EMBODIED IN CHARGE.—Requested instructions for de-
fendant were properly refused where they were sufficiently covered
by the charge of the court.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Robert H. Countryman, for Appellant.

Aitken & Aitken, for Respondent.

LENNON, P. J.—The defendant, A. L. Lundy, made ap-
plication to the Northwestern Mutual Life Insurance Com-

pany for a policy of insurance upon his life, in the amount of $10,000, and gave his promissory note for the sum of $601.60 in payment of the first premium. The note was made payable to Clarence M. Smith, the general manager of the company, who personally paid to his principal the amount of the premium upon the issuance and delivery of the policy to the defendant.

The note was subsequently assigned to the corporation plaintiff. When the note became due the defendant refused to pay it, and this action was brought to enforce payment. Judgment was entered in favor of the plaintiff upon the verdict of a jury. This appeal is from the judgment and the order denying the defendant's motion for a new trial.

As a defense to the action the defendant relied upon the absence of a consideration for the execution of the note, and also pleaded a total failure of consideration therefor if it should be found that a consideration ever existed.

The defendant's motion for a nonsuit was properly denied. The introduction of the note in evidence, as a part of the plaintiff's case, carried with it the presumption that it was given for a valuable consideration (Code Civ. Proc., sec. 1963, subd. 21; Civ. Code, sec. 1614), and established a *prima facie* case for the plaintiff. The burden of showing a want of consideration was upon the defendant. (Civ. Code, sec. 1615.) The plaintiff was not required to show, as a part of its case in chief, that the nonresident insurance company which issued the policy of insurance in question had theretofore complied with the existing laws governing the transaction of insurance business in this state. This was new matter pleaded by the defendant as a special defense to the action, and, assuming it to be a valid defense, the burden of proof in that behalf was upon the defendant. (*Coppedge* v. *Goetz Brewing Co.,* 67 Kan. 851, [73 Pac. 908]; *American Ins. Co.* v. *Smith,* 73 Mo. 368; *American Ins. Co.* v. *Cutler,* 36 Mich. 261; *Mason* v. *Edw. Thompson Co.,* 94 Minn. 472, [103 N. W. 507]; *Northrup* v. *Willis Lumber Co.,* 65 Kan. 769, [70 Pac. 879].)

There was no error in the ruling of the trial court sustaining plaintiff's objection to the hypothetical and speculative question put to the witness Dewey. This witness was merely a soliciting agent of the insurance company, and the ques-

tion objected to called only for his conclusion based upon an assumed state of facts. Clearly, the declarations of this agent as to whether, in his opinion, his principal, under the circumstances assumed by the question, would have paid the policy upon the death of the defendant, could not bind his principal or the plaintiff in this case.

The allegation of plaintiff's complaint that it was a corporation organized and existing under the laws of the state was denied by the answer of the defendant; and in an endeavor to establish this fact the plaintiff was permitted to show that in the year 1903, it had filed articles of incorporation with the county clerk of the city and county of San Francisco; that a copy thereof, certified to by the county clerk of said city and county, was forwarded to and filed in the office of the Secretary of State, and that the original articles of incorporation were destroyed by fire.

No complaint is now made of the admission of this particular testimony, but it is claimed that the court subsequently erred in allowing parol testimony of the contents of a lost or destroyed paper writing issued from the office of the Secretary of State, which acknowledged the receipt of a certified copy of the original articles of incorporation, and purported to recite and certify to the contents of the same.

Although not so designated in the testimony, it is evident that the destroyed paper writing therein referred to was the certificate of incorporation required to be issued by the Secretary of State in conformity with the provisions of section 296 of the Civil Code.

At the trial the defendant objected to the oral testimony of the contents of this certificate, upon the ground that it was immaterial, irrelevant, incompetent, and not the best evidence. The objection was overruled, and a subsequent motion to strike out denied.

If the certificate of incorporation had been in existence, its production would have been primary evidence of the facts which it purported to declare and publish. In other words, the certificate itself was not only the best possible evidence of its contents (Code Civ. Proc., sec. 1829), but the best evidence as well of the plaintiff's incorporation. (*People* v. *Hagar*, 52 Cal. 183; *Wall* v. *Mines*, 130 Cal. 27, [62 Pac. 386].) Upon proof of its due execution and that it was

lost or destroyed, secondary evidence of its contents, by copy, or by the recital of its contents in some authentic document, or by the recollection of a witness, was admissible. (Code Civ. Proc., secs. 1855, 1937.)

Assuming, as defendant contends, that the plaintiff's case falls short of the evidence required to establish the creation of a corporation *de jure,* the record nevertheless discloses evidence amply sufficient to support plaintiff's existence as a *de facto* corporation, and as such it was entitled to maintain this action. (Civ. Code, sec. 358; *People* v. *La Rue,* 67 Cal. 530, [8 Pac. 84]; *First Baptist Church* v. *Branham Co.,* 90 Cal. 22, [27 Pac. 60].)

Complaint is made of the trial court's refusal to give certain instructions requested by the defendant, which required a verdict for the defendant if the jury found, as claimed by the defendant, that there was, at the inception of the negotiations for the contract of insurance, an oral agreement by the soliciting agent of the insurance company that the note in suit need not be paid when due unless the defendant then and finally concluded to accept the policy.

Upon this phase of the case the evidence is in conflict, and the record further discloses that the defendant's written application for insurance was accepted and approved by the insurance company in the sum of $10,000, with a receipt acknowledging payment of the first year's premium, issued and delivered to the defendant.

The instructions referred to directed a verdict for the defendant regardless of the plaintiff's theory of the case, founded upon the issues raised by the evidence, that the negotiations of the parties had been merged into a completed and executed contract of insurance expressed in writing which, in the event of the defendant's death, could have been enforced against the company, and for this reason, if for no other, the defendant's requested instructions in this behalf were rightfully refused.

It appears that defendant's application for insurance as originally written contained a statement by the defendant that he had not paid the agent taking the application the first year's premium, and that the application had been subsequently and without the knowledge of the defendant altered so as to read that the said premium had been paid. This was

a fact in the case which the jury might consider in arriving at a conclusion as to when the contract of insurance was completed and executed, if at all, but in and of itself it was not sufficient to justify a verdict for the defendant, and, therefore, the defendant's requested instruction No. 6 was properly modified by the trial court, striking out that portion of the instruction which directed the jury to give a verdict for the defendant if the jury found that the defendant's application had been altered as stated.

It is claimed that the trial court erred in modifying defendant's requested instruction No. 7, but the record fails to show whether the instruction was modified or refused, and if modified, how and to what extent. In any event, the subject of this particular instruction, and of all the remaining requested instructions, was sufficiently covered in the charge of the court; and, therefore, whatever the action of the court may have been in refusing or modifying the defendant's instructions, it was free from error.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Hall, J., concurred.