No. 43,411

Dale Fields and Mrs. Dale Fields (Helen A. Fields), *Appellees,* v. Blue Stem Feed Yards, Inc., a corporation, *Appellant,* and Anderson Cattle Company, Inc., a corporation, Cattlemen's Feed Lots, Inc., a corporation, *Defendants.*

(403 P. 2d 796)

Opinion filed July 10, 1965.

*Glenn D. Young, Jr.,* of Wichita, and *Russ B. Anderson,* of Emporia, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, Ralph M. Hope, Ronald M. Gott, Richard W. Stavely, Charles S. Lindberg* and *Edward H. Graham,* all of Wichita, were with them on the briefs for the appellant.

*Frank C. Sabatini,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, William G. Haynes, Roscoe E. Long, Peter Caldwell, Austin Nothern* and *Brock Snyder,* all of Topeka, and *George L. Allred,* of Emporia, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment in a civil action brought by the plaintiffs, Dale and Helen Fields, husband and wife, against the defendants, Blue Stem Feed Yards, Inc., Anderson Cattle Company, Inc. and Cattlemen's Feed Lots, Inc.

The action sought the recovery of permanent damages for the depreciation in value of plaintiffs' home caused by the operation of the defendants' livestock feed lots. The appellees also sought damages for pain and suffering and mental anguish and further sought an order permanently enjoining the defendants from operating their feed lots. At the close of all the evidence the court sustained a demurrer by the Anderson Cattle Company to the plaintiffs' evidence. The case was tried to a jury and the jury answered certain special

questions and returned a general verdict in favor of the appellees for a total of $4,500, assessing $3,000 as damages against Cattlemen's Feed Lots and $1,500 as damages against Blue Stem Feed Yards.

This particular appeal was filed by the Blue Stem Feed Yards challenging certain instructions given by the jury and certain special questions, some of which were given and some refused.

At the outset we are confronted with the appellees' motion to dismiss the appeal for the reason that the right to appeal was governed solely by the provisions of G. S. 1949, 60-3314 which reads:

"When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he complains, he shall within twenty days after the notice of appeal is filed with the clerk of the trial court, give notice to the adverse party, or his attorney of record, of his cross-appeal and file the same with the clerk of the trial court, who shall forthwith foreward a duly attested copy of it to the clerk of the supreme court." (Now K. S. A. 60-2103 [h].)

This is the fourth appeal arising out of the same pleadings, trial, findings of fact, general verdict and judgment. The first case considered was *Fields v. Anderson Cattle Co.*, 193 Kan. 558, 396 P. 2d 276, in which the Fields were appellants and the three defendants were appellees. This case was heard and determined on its merits. The second appeal was also styled *Fields v. Anderson Cattle Co.* and reported in 193 Kan. 569, 396 P. 2d 284. This appeal was taken by the Anderson Cattle Company and the Blue Stem Feed Yards. It was dismissed. The court stated in the syllabus:

"If an appellee desires a review of rulings and decisions of which he complains he must file a cross-appeal as provided by G. S. 1949, 60-3314. A second direct appeal cannot be used as a substitute for a cross-appeal."

The third appeal was filed by the Fields and dismissed on their motion.

The appellant, Blue Stem Feed Yards, Inc., suggests that a cross-appeal could not be taken on the issues here presented because it first had to exhaust its remedy by way of a motion for a new trial. The suggestion is without merit.

Where one party to a judgment appeals from matters which may be reviewed without a motion for a new trial, the opposing party, if aggrieved by any rulings or decisions, may cross-appeal without first filing a motion for a new trial, even though a motion for a new trial was a prerequisite to an appeal in certain cases under the old code.

In *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820, we held:

"Where a jury is unable to agree and a mistrial is declared and a demurrer to plaintiff's evidence has been overruled, from which ruling the defendants appeal, the plaintiff is not precluded from having a review, on a cross-appeal, of orders excluding testimony simply because she filed no motion for a new trial, when she has otherwise complied with the requirements of the statute for a cross-appeal." (Syl. 4.)

We also stated beginning on page 55 of the opinion:

". . . The real question is whether, after a final order, to wit, the overruling of a demurrer to evidence, and an appeal from such order, the appellee shall be denied the right to a review of an order excluding testimony, which testimony is not involved in the ruling on the demurrer, but the competency of which will again become an issue in the trial, simply because appellee filed no motion for a new trial, when under the circumstances she in fact never had an opportunity to file such a motion. We think not. . . .

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

"It is further our opinion the statute on cross-appeals, applicable to the instant appeal (Laws 1937, ch. 268, § 4), contemplates such right of review.

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

"It is not contended plaintiff has failed to comply with the procedure prescribed by the statute for obtaining such review." (See, also, *Schumacher v. Rausch*, 190 Kan. 239, 372 P. 2d 1005.)

This appeal was under the old code. It might, therefore, be suggested that had appellant desired a ruling on a motion for new trial it could have made such application and had the trial court corrected any of the alleged errors, it could have amended its notice of cross-appeal or abandoned its contentions. In *Mathias v. Dickerson*, 179 Kan. 739, 298 P. 2d 219, it is stated:

"At the outset we pause to note a contention, based on the premise the initial notice of appeal is limited to error in rendition of the judgment only, that defendant is not entitled to a review of trial and post trial errors. Prior to the hearing of the cause defendant sought and obtained permission of this court to amend his notice of appeal to include alleged errors in the overruling of his motion for a new trial and all other adverse orders and rulings. Thereafter he amended his notice accordingly. In that situation plaintiff's motion to dismiss the appeal, regardless of its merit at the time it was filed, cannot now be upheld. See G. S. 1949, 60-3310 and our decisions (*McQuin v. Santa Fe Trail Transportation Co.*, 155 Kan. 111, 122 P. 2d 787; *Boss v. Brown*, 132 Kan. 86, 88, 294 Pac. 878) holding that, where a valid appeal has been taken from a judgment, this court will permit the notice of appeal to be amended so as to include an appeal from the order overruling the motion for a new trial." (p. 740.)

An appeal does not prevent the trial court from considering questions presented on a motion for a new trial.

In *Carr v. Diamond,* 192 Kan. 377, 379, 388 P. 2d 591, we said:

"An appeal to this court does not of itself operate as a stay of further proceedings in the trial court. The filing of a supersedeas bond under the provisions of G. S. 1949, 60-3323, will stay the execution of a final judgment but it does not stay other proceedings in the trial court. The trial court may proceed to set aside or correct its judgment or grant a new trial. (*Barstow v. Elmore,* 177 Kan. 30, 276 P. 2d 360.)"

We adhere to the rule announced in *Fields v. Anderson Cattle Co.,* 193 Kan. 569, 396 P. 2d 284.

The appeal is dismissed.

APPROVED BY THE COURT.