215 Kan. 892 (1974)
529 P.2d 154
In the Matter of the Estate of Sophronia Clark Hannah, Deceased.
LORENA ALICE CLARK and ROBERT D. CLARK, Appellants,
v.
MICHAEL E. CLARK and JULIE A. KRUTZ (formerly JULIE A. CLARK), Appellees.
No. 47,511
Supreme Court of Kansas.
Opinion filed December 7, 1974.
Robert C. Dauffenbach, of Wichita, argued the cause and was on the brief for the appellants.
*893 Karl W. Friedel, of Martin, Cooper, Churchill & Friedel, of Wichita, argued the cause, and Dale H. Cooper, of the same firm, was with him on the brief for the appellees.
The opinion of the court was delivered by
FROMME, J.:
An action was filed by the trustee to construe the testamentary trust provisions of a will drawn in 1932 and filed for probate in Sedgwick County, Kansas, in 1935. One of the income beneficiaries died in 1972 and a contest developed between the sole surviving income beneficiary and the heirs of the deceased beneficiary. The trial court determined the matter in favor of the two heirs of the deceased income beneficiary. This appeal was filed by the surviving income beneficiary. The case was presented below on stipulated facts which we quote from the journal entry filed in the trial court.
"1. This controversy is presented to the Court upon the petition of the Trustee herein for the construction of the testamentary trust provisions of the Last will and Testament of Sophronia Clark Hannah, deceased. The petition was originally presented to the Probate Court of Sedgwick County, Kansas, but was transferred to this Court pursuant to K.S.A. 59-2402a upon the petition of the respondents, Lorena Alice Clark and Robert D. Clark. All persons known or believed to have an interest in the testamentary trust arising out of the Last Will and Testament of Sophronia Clark Hannah, deceased, have been given due notice of this hearing and are present by and through the above named attorneys of record. This Court, therefore, has jurisdiction of all of the above named parties and the subject matter herein.
"2. Sophronia Clark Hannah died in the year 1935 leaving a Will which was probated in the Probate Court of Sedgwick County, Kansas, containing Trust provisions as more particularly set forth in the certified copy of the Will in this Estate.
"3. Robert E. Clark, the only child of Sophronia Clark Hannah, died August 12, 1936.
"4. Lorena Alice Clark, a/k/a Lorena Clark, the widow of Robert E. Clark, is living, age 88 years, has never remarried and is receiving her one-third (1/3) interest of income from the Trust Estate.
"5. Robert D. Clark, a/k/a Robert Dean Clark, grandson of Sophronia Clark Hannah, age 49, is living, having been born on July 18, 1924, and is receiving his one-third (1/3) interest of income from the Trust Estate.
"6. Roberta A. Clark, granddaughter of Sophronia Clark Hannah, died November 29, 1972, but prior to her death was receiving her one-third (1/3) interest of income from the Trust Estate. Since her death, this one-third (1/3) interest of income has been held by the Trustee. Her estate is being probated in the Probate Court of Sedgwick County, Kansas, (ancillary proceeding) and in the State of Texas (Place of her death). Her two children and only heirs-at-law are Julie A. Clark, born September 14, 1949, and Michael E. Clark, *894 born March 27, 1945. They are presently the only great-grandchildren of Sophronia Clark Hannah.
"7. The Last Will and Testament of Sophronia Clark Hannah does not expressly state to whom the respective shares of income should be paid in the event of the death of either Roberta A. Clark or Robert D. Clark and until the termination of the Trust.
"8. The primary issue presented to the Court is whether the respondent Robert D. Clark or the respondents Julie A. Clark and Michael E. Clark are to receive the one-third share of the distributable testamentary trust income formerly received by Roberta A. Clark, now deceased. The one-third share of the annual distributable testamentary trust income amounts to approximately $2,100.00."
The court concluded that the intent of the testatrix Sophronia Clark Hannah was to have the trust income going to either Roberta A. Clark or Robert D. Clark to be paid and distributed to his or her heirs-at-law on the death of the first income beneficiary. The court further concluded that it should not rule on the intent of the testatrix pertaining to the persons entitled to receive the share of the trust income presently being distributed to Lorena Clark on her death. It then directed payment of costs and attorney fees from the corpus of the trust estate.
The pertinent provisions of the testamentary trust are as follows:
"ITEM FOURTH.
"I hereby give, devise and bequeah all of the rest, residue and remainder of my estate ... to the First National Bank ... as Trustee, in Trust, for the following named beneficiaries, viz: My son, Robert E. Clark, his wife, Lorena Clark, and his children, Roberta A. Clark and Robert D. Clark ... under the conditions and restrictions as hereinafter set forth.
"A.
[This paragraph relates only to the general power and authority of the trustee to control and invest the property.]
"B.
"I hereby further will and ordain that my said Trustee shall hold and control said Trust Estate during the life time of my said son, Robert E. Clark, and collect all rents, issues and profits thereof, and income thereon, and, after paying taxes and the costs of maintenance of my said Trust Estate, and the Trustee's compensation, shall pay said Robert E. Clark, the net income thereof in monthly installments on the 3rd day of each month, ... [The balance of this paragraph relates to use of principal of trust in event of emergency to fulfill needs of son, Robert E. Clark.]
"C.
"I hereby will and ordain that there shall be set apart by my said Trustee, for the benefit of my said grandson, Robert D. Clark, an amount of money which shall be equal to the sum of money which my said granddaughter, Roberta A. Clark, shall receive from the fund provided for her by the last Will *895 and Testament of my late husband, Lewis M. Clark. Further, I hereby will and ordain that this specific legacy shall be invested for the best interest of my said grandson, so that this legacy and the income thereof shall be paid to him when he reaches the age of twenty-five (25) years....
"D.
"I hereby will and ordain that in the event that my daughter-in-law, Lorena Clark, survives my said son, Robert E. Clark, and myself, I hereby give, devise and bequeath unto her, so long as she remains the widow of my said son, one-third (1/3) of the net income of my said Trust Estate. [Here follows a provision authorizing the trustee to use the other two-thirds or so much as may be necessary for the support and education of grandchildren during their minority.] I hereby further will and ordain that after my said daughter-in-law is paid the one-third (1/3) of the net income of my said Trust Estate that the remaining two-thirds (2/3) of the said income shall be invested and re-invested for the benefit of my said grandchildren until they respectively attain the age of twenty-one (21) years, after which they shall receive the income respectively of their estates.
"E.
"I hereby will and ordain that after the demise of my son, Robert E. Clark, and the demise of my daughter-in-law, Lorena Clark, (or her remarriage, as the case may be) my said Trustee shall pay the net income of my trust Estate to my grandchildren, equally, share and share alike. [Here follows a provision for guardianship of grandchildren in event of death of Robert E. and Lorena Clark during their minority.]
"ITEM FIFTH.
"In the event that Robert E. Clark should ever have any other child, then I hereby will and ordain that my said Trust Estate shall be pro-rated so that any grandchild of mine that may be born after this Will is written, shall participate in my Trust Estate on the same basis that my said grandson shall be benefited.
"ITEM SIXTH.
"I hereby will and ordain that at the expiration of twenty-one (21) years from the death of the survivor of my grandchildren, living at my demise, my said Trustee shall deliver, transfer and convey my said Trust Estate to the heirs at law of my said grandchildren, according to the statutes of Kansas."
Before discussing the questions raised on appeal it should be pointed out that the testatrix provided for a disposition of the corpus of the trust different from that of trust income. The beneficiaries designated to receive the trust income were the son, the daughter-in-law and the grandchildren. The testatrix provided that twenty-one years after "the death of the survivor of my grandchildren, living at my demise" the corpus of the trust property is to be distributed "to the heirs at law of my said grandchildren, according to the statutes of Kansas." (Item Sixth.) It would appear from the will the corpus of the trust property is not to be invaded during the life of the trust except in event of an emergency *896 confronting the son, Robert E. Clark (Item Fourth B), and he died a year after the testatrix. Therefore those designated as income beneficiaries must die and cannot become recipients of the corpus when the trust is scheduled to terminate.
The entire income of the trust estate is made currently distributable, first to the son, Robert E. Clark, and on his death one-third (1/3) of the income is to be distributed to his widow, Lorena Clark, during her lifetime or until she remarries. (Item Fourth D.) The remaining two-thirds (2/3) of the income is to be distributed for the benefit of "my said grandchildren." The grandchildren previously mentioned in the will were Robert D. Clark and Roberta A Clark. "They shall receive the income respectively of their estates." (Item Fourth D.) On the death or remarriage of Lorena Clark after the death of the son, Robert E. Clark, the one-third (1/3) share formerly distributed to Lorena is to be distributed equally "to my grandchildren." (Item Fourth E.) Then follows a provision for expanding the class of grandchildren living at the death of the testatrix to include any additional grandchild born thereafter, who is to participate in the trust "on the same basis that my said grandson [Robert D. Clark] shall be benefited." (Item Fifth.) Robert E. Clark died in 1936. Roberta A. Clark died in 1972.
The apparent reason for measuring the participation of any additional grandchild by the extent of the participation of Robert D. Clark, rather than that of the granddaughter Roberta, is found in Item Fourth C. Roberta had previously received a legacy in another estate, that of the husband of the testatrix. Robert D. Clark was to receive from the testatrix a specific legacy to equalize his legacy participation in the two estates with that of Roberta.
(A chart has been prepared and is appended to this opinion which we found helpful in understanding the relationship of the parties and the sequence of events leading to the present controversy.)
The primary question raised in this appeal is: Does the income share formerly distributed to the granddaughter, Roberta A. Clark, pass on her death to her heirs, Julie A. Krutz and Michael E. Clark, or does it pass to the grandson, Robert D. Clark? Julie and Michael are the great-grandchildren of the testatrix claiming as the heirs-at-law of Roberta A. Clark.
The appellant Robert D. Clark contends on appeal that the provisions of the trust created a transfer of income to a class and on the *897 death of Roberta A. Clark as a member of such class, he, as the sole surviving member of the class, succeeds to the share of the prior deceased member of that class.
A gift to a class is one made to a group capable of future change in number and is not a gift to the group as specific individuals but to them as members of a fluctuating group. (Beverlin v. First National Bank, 151 Kan. 307, 311, 98 P.2d 200, 155 A.L.R. 688; Anno: Gift to a Class, 61 A.L.R.2d, § 2, p. 220.)
The appellees, Julie A. Krutz and Michael E. Clark, in support of the trial court's judgment contend that the transfer of income was to two named beneficiaries, each taking an estate therein for a period measured by the life of the survivor (pur autre vie). Under the facts of the present case they contend on the death of Roberta A. Clark her share of the income would pass to her heirs-at-law, Julie A. Krutz and Michael E. Clark, who would be entitled to said income until the death of Robert D. Clark, the period of entitlement being measured by his lifetime as the surviving beneficiary.
The difference in opinion between the appellant and the appellees arises because the testatrix made no express provision in her will for a disposition of that share of a life income beneficiary in the interval between the deaths of the two life income beneficiaries.
The problem is one of interpreting the terms of a testamentary trust. It may be helpful to review the ground rules.
The paramount rule of construction in the interpretation of provisions in a will, to which all other rules are subordinate, is that the intention of the testatrix as garnered from all parts of the will is to be given effect, and that doubtful or seemingly inaccurate expressions in the will shall not override the obvious intention of the testatrix. (Schauf v. Thomas, 209 Kan. 592, Syl. ¶ 2, 498 P.2d 256; In re Estate of Truex, 205 Kan. 169, Syl. ¶ 1, 468 P.2d 237.) In construing a will the court should place itself as nearly as possible in the situation of the testatrix when she made the will, and from such a consideration and from the language used in every part of the will the court should determine as best it can the purposes and intentions of the testator as gleaned from the lauguage used. (Schauf v. Thomas, supra; In re Estate of West, 203 Kan. 404, 407, 454 P.2d 462.) In interpreting the various provisions of a will there is a presumption arising from the fact that the testatrix executed a will as a means of distributing her property that she did not intend any of her property to pass under the laws which govern intestacy. (In *898 re Estate of Roberts, 190 Kan. 248, Syl. ¶ 3, 373 P.2d 165; In re Estate of Freshour, 185 Kan. 434, Syl. ¶ 4, 345 P.2d 689.)
Much has been written on the present question. In the final analysis each decision of the courts has depended upon the intention of the testatrix as expressed in the particular will under consideration. No one feature in a will is conclusive. See the Anno: Deceased Life Beneficiary's Share, 71 A.L.R.2d 1332, and II Scott on Trusts (Third Edition), § 143, p. 1095.
In the cases that we have examined certain features of each instrument under consideration seem to bear special significance in resolving the question. The designation of beneficiaries by name militates against a gift to a class (Corbett v. Skaggs, 111 Kan. 380, 207 Pac. 819, 28 A.L.R. 1230, and In re Estate of Lester, 191 Kan. 83, 379 P.2d 275) while designation by a degree of blood relationship may indicate a gift to a class (In re Estate of Bunnell, 158 Kan. 688, 149 P.2d 37). The transfer of interests or shares of a set percentage or dollar amount militates against a gift to a class (Corbett v. Skaggs, supra) while a transfer of a share to a group capable of future change in number with a corresponding change in the amount of the respective shares or interests may strongly indicate a gift to a class (Beverlin v. First National Bank, supra). The use of wording in a will which indicates that named beneficiaries are to take per stirpes militates against an intention to make a class gift (In re Estate of Lester, supra) while the use of wording which indicates that named beneficiaries are to take per capita is compatible with a gift to a class (In re Estate of Sowder, 185 Kan. 74, 340 P.2d 907; In re Estate of Randall, 185 Kan. 92, 340 P.2d 885). It is generally accepted where an intention is disclosed for no person to inherit by way of remainder as long as any recipient of a life interest is living that a gift of the income to a class may be intended. (Hartford National Bank & Trust Co. v. Harvey, 143 Conn. 233, 121 A.2d 276.)
Additional indicators of an intention to make a gift to a class may be found by looking at the general scheme of disposition, at matters of personal relationship such as intimacy or hostility toward the beneficiaries, at the expressed purpose of excluding or limiting participation to those named, at the presence or absence of a natural class, at the presence or absence of a gift over, and at a recognition in the particular jurisdiction of a general presumption against a construction which would result in partial intestacy. (See Anno: Gift to a Class, 61 A.L.R.2d 212.)
*899 Professor Scott in his work on the Law of Trusts states:
"Where the income is payable to two or more beneficiaries with a gift over of the principal on the death of the survivor of them, the trust instrument is generally construed as manifesting an intention of the settlor that on the death of any beneficiary the income is to be paid to the others, until the time for the termination of the trust arrives on the death of the last surviving beneficiary...." (II Scott on Trusts [Third Edition], § 143, p. 1097.)
In the Restatement of Trusts it is said:
"(2) If a trust is created under which the income is payable to two or more beneficiaries and the principal is payable to another on the death of the survivor of the income beneficiaries, and one of them dies, the survivor or survivors are entitled to the income until the death of the last survivor, unless the settlor manifested a different intention." (1 Restatement of Trusts 2d, § 143, p. 302.)
In our present case, although designating certain beneficiaries by name, the testatrix in the granting clause designated the income beneficiaries by a degree of blood relationship. The testatrix transferred shares of a percentage of the total net income to designated individuals but clearly provided for enlargement of the group to include afterborn members of an equal degree of blood relationship, thereby creating the possibility at some future date of an increase in the number of beneficiaries which would result in a reduction in the amount of the respective interests. In designating those who were to enjoy the shares of income as life beneficiaries the testatrix said but little to indicate a taking per stirpes by the grandchildren but she did clearly indicate an intention for other income beneficiaries (Robert E. Clark and Lorena Clark) to take per capita. From the provisions of the will it would appear that the testatrix intended no person should inherit by way of remainder as long as a recipient of a life interest was living, since successive life estates were provided and the trust was limited to terminate 21 years after the last successive life estate.
From the foregoing we are of the opinion that the testatrix intended a class gift of income to her grandchildren, Roberta A. Clark and Robert D. Clark, and on the death of Roberta A. Clark in 1972, the one-third share formerly distributable to her passed to the survivor, Robert D. Clark.
We next consider whether the trial court properly declined to rule on the intent of the testatrix pertaining to alternative questions which may arise in the future on the death of Lorena Clark and of Robert D. Clark. The answers to these alternative questions lie in *900 which of the two income beneficiaries may die first. These alternative questions are not ones which should be answered at this time. We feel the trial court properly refused to pass on such questions. At this point such questions are purely academic and should not be decided because future events may render such a judgment of no effect. (Board of Education v. Vinson, 195 Kan. 666, 408 P.2d 637; Guerrero v. Capitol Federal Savings & Loan Ass'n, 197 Kan. 18, Syl. ¶ 3, 415 P.2d 257.)
The final point to be discussed concerns the allowance of attorney fees. Generally attorney fees and expenses should not be awarded unless authorized by statute. K.S.A. 59-1504 sets out the authority for and the limitations on the allowance of attorney fees and expenses in actions brought to uphold the terms of a will. See also In re Estate of Murdock, 213 Kan. 837, 519 P.2d 108, and In re Estate of Sowders, supra. The allowance of such attorney fees is based on the premise that it is beneficial to the estate to have a question of law determined where there is room for doubt as to the proper construction to be placed on a will. In the present case construction of the will was necessary and there is no question raised as to the reasonableness of the amounts awarded in the court below. When the reasonable value has been determined by the trial court it will not generally be subject to a redetermination on appeal. See Rymph v. Derby Oil Co., 211 Kan. 414, 507 P.2d 308.
However, the action concerns only the shares of income, not the corpus, of the estate and the action would not appear beneficial to Lorena Clark, whose income share is not involved, or to those who may be entitled to distribution of the corpus on final termination of the trust. The income share in controversy appears to be adequate to cover payment of the fees allowed below and the order of the trial court directing payment from the corpus of the trust estate is hereby set aside and such fees are ordered paid from the income share formerly distributable to Roberta A. Clark.
We note that the appellant in preparing the record on appeal has included briefs which were presented to the trial court covering 43 pages of the 86 page record. These briefs, although submitted to the trial court, are not properly a part of the record to be presented to this court. If such a practice of inclusion in the record were condoned it would provide a convenient method of circumventing our rule limiting the size of briefs in this court to 50 pages. (Rule No. 8, Rules of the Supreme Court, 211 Kan. xxx.) One-half of the cost *901 of printing the record filed in this case is taxed to the appellant's attorney, Robert C. Dauffenbach, personally.
Accordingly the judgment of the trial court directing payment and distribution of the one-third (1/3) share of the trust income formerly distributable to Roberta A. Clark to her heirs-at-law is reversed and the case is remanded to the trial court with directions to enter judgment in accordance with the views herein expressed.
Appendix: In re Estate of Hannah
 Sophronia Clark Hannah
 Textatrix
 Died 1935
 |
 |
 |
 Robert E. Clark
 Son and only Child
 Named Primary Income Beneficiary
 On death 1/3 to Lorena and 2/3 to Grandchildren
 Died 1936
 --------------------------------
 | |
 |
 |
 |
 Lorena Clark |
 Daughter-in-Law |
 Named 1/3 Income Beneficiary. |
 On death or remarriage share |
 to grandchildren equally. |
 Now aged 88 years, never |
 remarried. |
 |
 |
 ---------------------------------------------------------
 | | |
 Roberta A. Clark Robert D. Clark Afterborn
 Granddaughter, died Grandson, now age share Grandchildren,
 1972, age 52. Estate 49, never married, equally with other
 probated Texas, Named Named Beneficiary grandchildren plus
 Beneficiary with other with other Grandchildren bequest equal to
 Grandchildren except plus bequest that of Roberta
 bequest from equal to that from Grandfather.
 Grandfather. of Roberta from
 Grandfather.
 |
 |
 |
 ---------------------------
 | |
 | |
 Julie Clark Michael Clark
 now Krutz son of Roberta
 Daughter of A. Clark, not
 Roberta A. named in will,
 Clark, not heir-at-law of
 named in Roberta
 will, heir-at-law of
 Roberta