(591 P.2d 1091)

No. 49,556

In the Matter of the Estate of Nellie Mae Carothers, Deceased.
Petition for review denied May 10, 1979.

Opinion filed March 9, 1979.

*J. Eugene Balloun* and *L. Franklin Taylor,* both of Payne & Jones, Chartered, of Olathe, for the appellant.

*Fred Mitchelson* and *Steven L. Cranford,* both of Wheeler & Mitchelson, of Pittsburg, for the appellee Bob N. Cardwell.

*Gwinn G. Shell,* of Garnett, for the appellee Garnett Methodist Church.

*Robert Anderson,* of Ottawa, for the appellee University of Missouri at Kansas City.

Before FOTH, C.J., REES and SWINEHART, JJ.

FOTH, C.J.: This is an appeal from an order denying certain attorney fees and expenses in a probate proceeding involving an estate of almost $300,000.00. The proceeding in question culminated in *In re Estate of Carothers,* 220 Kan. 437, 552 P.2d 1354 (1976) (hereafter *Carothers* I). The facts are set out at length in that opinion, and will be only briefly summarized here.

On August 24, 1972, Bob N. Cardwell, decedent's nephew, petitioned for the probate of a will of the decedent dated July 24,

1972, in which he was named executor. Under that will decedent's daughter (Margaret I. Stipancich, appellant here) received a house worth about $30,000. Decedent's personal effects were given to Cardwell; the residue was divided ¼ to Cardwell, ⅛ to a niece, ⅛ to a sister, ⅜ to the University of Missouri at Kansas City dentistry school for its student loan fund, and ⅛ to decedent's church.

The next day the appellant, Mrs. Stipancich, filed objections to the 1972 will and a petition to probate a will dated July 13, 1970, naming her as executor. Under the earlier will, after bequests of $10,000 to a friend and $5,000 each to the dentistry school and the church, appellant was given the entire residue amounting to almost $280,000.

The case was transferred to district court, where it was eventually tried in 1975. The court ruled preliminarily that it would first determine the validity of the 1972 will, since if it was valid questions as to the 1970 will would be moot. The trial, therefore, was devoted to the decedent's testamentary capacity and freedom from undue influence in 1972. The court admitted the 1972 will and found the petition to admit the 1970 will was moot. The Supreme Court affirmed in *Carothers* I.

Thereafter appellant petitioned for the allowance of her expenses and attorney fees incurred in the will contest. The question of whether such an allowance was proper was briefed and argued. In November, 1976, the trial court orally ruled that it would make such an allowance and continued the matter for an evidentiary hearing on the amount. At that hearing, in March, 1977, counsel for the executor orally moved the court to reconsider its prior ruling authorizing the allowance. The question was reargued, evidence was taken indicating that appellant's expenses were some $6,300 and her attorney had put in some $25,000 worth of time, and the entire matter was taken under advisement. In September, 1977, the trial court entered its final order disallowing any fee or expenses. It is from this order that Mrs. Stipancich now appeals.

As one of her points on appeal appellant contends that the trial court's initial determination that an allowance would be made was such a judgment that it could only be set aside by a motion under K.S.A. 60-260 or on appeal. Our examination of the record does not reveal any written entry of that ruling which would meet

the requirements of K.S.A. 60-258. Further, since the amount of any allowance had yet to be determined, it would have been an interlocutory order even if so entered. *Cf. Henderson v. Hassur,* 1 Kan. App. 2d 103, 562 P.2d 108 (1977). Appellant concedes she had ample opportunity to brief and argue the question, so she can claim no prejudice from the informality of the procedure whereby the trial court was asked to reconsider its first conclusion. We turn, then, to the merits.

Our basic premise is the well established rule that "[a]ttorney's fees and expenses may not be allowed against the estate of a decedent unless authorized by statute." *Reznik v. McKee, Trustee,* 216 Kan. 659, Syl. ¶ 16, 534 P.2d 243 (1975). See also *In re Estate of Hannah,* 215 Kan. 892, 900, 529 P.2d 154 (1974); *In re Estate of Murdock,* 213 Kan. 837, Syl. ¶ 7, 519 P.2d 108 (1974). The applicable statute is K.S.A. 59-1504, which provides in pertinent part:

"Whenever any person named in a will or codicil defends it, or prosecutes any proceedings in good faith and with just cause, for the purpose of having it admitted to probate, whether successful or not, or if any person successfully opposes the probate of any will or codicil, such person shall be allowed out of the estate his or her necessary expenses and disbursements in such proceedings, together with such compensation for such person's services and those of his or her attorneys as shall be just and proper."

It will be seen that there are two classes of persons to whom fees and expenses are allowed in will contests: those who prosecute "in good faith and with just cause" a proceeding *to admit* a will, whether successful or not; and those who *successfully . oppose* a will. To recover here appellant must fall into one of those two categories.

She does not claim to fall into the second category; obviously her efforts to oppose the 1972 will were not successful. Rather, she argues that her opposition to the 1972 will was a necessary part of her effort to prove the 1970 will. When the suit is so considered, she says, she is entitled to her fees and expenses "whether successful or not."

The argument has a certain plausibility, but we are not convinced. As the trial court recognized, both in its pretrial ruling before the original trial and in its order admitting the will, if the 1972 will was valid, revoking all prior wills as it did, appellant's petition for probate was moot. Hence there was never any hearing on appellant's petition, and it cannot be said that she "prose-

cute[d] any proceedings" to have that will admitted. The fact of the matter is that *all* of her counsel's efforts for which an allowance is sought were devoted to an unsuccessful attempt to defeat the 1972 will; *none* were directly aimed at admitting the 1970 will. It is true that the 1972 will had to be defeated before the 1970 will could be considered. That, however, did not turn her contest of the 1972 will into a proceeding to probate the 1970 will. A successful contest of the later will was a condition precedent to a proceeding to probate the earlier will, but was not in our view a part of such a proceeding.

*In re Estate of Roberts,* 192 Kan. 91, 386 P.2d 301 (1963), relied on by the court below, is highly persuasive if not controlling. The court there reversed the allowance of attorney fees to an unsuccessful contestant of a will who would have taken under intestacy. The court said:

"Ordinarily attorneys' fees will not be paid to an unsuccessful contestant of a last will and testament where the primary purpose in contesting the will is for the contestant's own benefit. In the instant case the will is perfectly clear and unambiguous. It required no construction to give it force and effect. The litigation involved only the mental capacity of the testator to make a will. The sole purpose of the appellant's action was to gain the entire estate for himself as the sole heir of the testator, but was unsuccessful in the litigation." 192 Kan. at 102.

The qualification "ordinarily" was apparently employed to account for the rare situation where the litigation might somehow be of benefit to the estate. See Syl. ¶ 4. It is conceivable, for example, that in the course of a will contest the will might be construed or other orders made which would facilitate the administration of the estate. In such a case, an allowance might be proper under the last paragraph of the statute—a claim not made in this case. According to the statute, if the litigation involves only the admissibility of the will the contestant must be successful before fees and expenses may be awarded, regardless of motive.

Appellant here seeks to distinguish *Roberts* on the ground that the contestant there was the sole heir, so that if the will were rejected he would take the entire estate. Here, the contestant is the primary beneficiary under a prior will, so that if her contest had been successful she would have taken 93% of the estate. We fail to see any significant difference insofar as the contestant's motive of personal gain is concerned. And, of course, appellant here does not contend her litigation was of any benefit to the estate; its *only* effect has been to cost the other beneficiaries money.

She does argue, however, that her role as custodian and executor of the prior will places her in a different position from the contestant in *Roberts*. She relies on K.S.A. 59-618, which penalizes a custodian who withholds a will, and on cases which say a named executor has a duty to present a will and endeavor to admit it to probate. *E.g. In re Estate of Harper*, 202 Kan. 150, 446 P.2d 738 (1968). We have no quarrel with the argument up to a point. Presenting the will for probate, petitioning for admission, and adducing evidence in support of the petition if that stage is reached, are all proper and would entitle the proponent to reimbursement for fees and expenses in so doing. Here, however, we return once again to the proposition that the services rendered were all directed at opposing another will, and not in supporting appellant's will. (There is no claim here for services in preparing and filing the petition for probate of the 1970 will; those services were performed by other counsel for appellant, who withdrew before the case came to trial.) Appellant's duty to produce her will for probate, which may be conceded, does not justify payment of fees and expenses incurred in opposing another will.

Appellant also suggests that to deny her claim here would discourage a disinterested executor, such as a bank or trust company, from coming forward with an earlier will even though it had reasonable grounds to believe a later will was invalid. Again, if it were just a matter of coming forward with the will we might agree. What is involved here, however, is not a simple offering of the earlier will for probate but a hotly contested and expensive battle over the later will. To guarantee the displaced executor its fees and expenses in that kind of battle, out of the estate, would foment litigation at the instigation of persons having no legitimate stake in the outcome. Under appellant's hypothetical, the bank's only real interest is in securing its executor's fees. Appellant's position would permit it to fight for that fee with no risk, since its attorneys would be paid in any event. We cannot agree that any sound public policy would be served by that result. The bank's fiduciary duty to the beneficiaries under its will would be adequately met, in our view, by its production of the will and making any evidence of the invalidity of the later will available to those beneficiaries who are the real parties in interest.

Our analysis makes it unnecessary to determine whether the

contingent-fee nature of appellant's contract with her counsel has any effect on her right to recover fees which, if not allowed from the estate, she has no obligation to pay.

Affirmed.