No. 54,244

IN THE MATTER OF THE ESTATE OF OWEN R. ROBINSON, DECEASED. SALLY L. ROBINSON, *Appellant,* v. R. MICHAEL JENNINGS and ANNE IRVING, *Appellees.*

(659 P.2d 172)

Opinion filed February 19, 1983.

*Karl W. Friedel,* of Cooper & Friedel, of Wichita, argued the cause, and *Dale H. Cooper, of the same firm, and O. J. Connell, Jr.,* of Connell & Connell, of El Dorado, were with him on the brief for appellant.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Robert L. Howard* and *Vaughn Burkholder,* of the same firm, were with him on the brief for appellees.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal from an allowance of attorney fees to R. Michael Jennings and Anne Jennings Irving as proponents of decedent's 1965 will and opponents of decedent's 1976 will.

The facts relative to the relationships of the parties and the execution of the two wills, as well as the trial court's rulings thereon, are set forth in detail in the earlier case of *In re Estate of Robinson,* 231 Kan. 300, 644 P.2d 420 (1982), and need not be

repeated in full herein. The following summary is adequate for purposes of this opinion.

On September 2, 1930, Owen and Sally Robinson were married. On September 2, 1965, exactly 35 years later, the marriage ended in divorce. The following day, September 3, 1965, Owen executed a will leaving all of his property to his nephew and niece, R. Michael Jennings and Anne Jennings Irving (hereinafter collectively referred to as "Jennings-Irving"). Approximately one year later Owen and Sally Robinson remarried. On August 16, 1976 Owen suffered a severe stroke. On September 22, 1976 Owen executed a new will leaving all of his property to his wife, Sally. Owen died on June 26, 1978.

After Owen's death Sally sought to have the 1976 will admitted to probate. Jennings-Irving challenged said will. The trial court found that Owen had testamentary capacity at the time of the execution of the 1976 will but concluded that the will was invalid for violation of K.S.A. 59-605 relative to wills prepared by principal beneficiaries. Sally appealed from said ruling and we reversed said judgment, remanding the case back to the trial court with directions to admit the 1976 will. That opinion was filed on May 8, 1982, and is cited as *In re Estate of Robinson*, 231 Kan. 300.

Subsequent to its rejection of the 1976 will, the trial court held an evidentiary hearing relative to the validity of the 1965 will and ultimately admitted the same to probate. Sally appealed from the admission of the 1965 will and obtained a reversal thereof from this court in an unpublished opinion which was likewise filed on May 8, 1982 (*In re Estate of Robinson*, No. 53,230).

With this background we turn to the attorney fees dispute spawning the present appeal. The chronology of events needs to be stated. The appeal on the 1976 will was filed in the fall of 1980 (exact date omitted by virtue of the filing of original and amended notices of appeal). The appeal on the 1965 will was filed on April 29, 1981. Both appeals were subsequently transferred to this court from the Court of Appeals. On March 30, 1982 we heard the oral arguments on both appeals. On January 25, 1982, however, the trial court held a hearing on the Jennings-Irving petition for allowance of attorney fees for services rendered in district court case no. 78-P-188 (1965 will) and district

court case no. 78-P-119 (1976 will). Said petition sought allowance solely for Jennings-Irving's promotion and opposition to the respective wills. No claim was made for any services to the fiduciary administering the estate. Attorney fees and expenses were allowed Jennings-Irving as follows: (1) $42,800 attorney fees to the law firm Foulston, Siefkin, Powers & Eberhardt; (2) $3,506.92 expenses to the same firm, and (3) $17,500 attorney fees to the law firm Bond, Bond & Coash. The trial court ordered said fees and expenses in single sums without apportionment between the two cases. This was in accord with the Jennings-Irving attorneys' presentation on the record at the hearing. Later in this opinion discussion will be had as to a certain off-the-record presentation made at the hearing, the propriety of which is an issue in this appeal. At the time of the trial court's hearing on attorney fees, the oral arguments on both appeals were already scheduled before the Kansas Supreme Court for March 30, 1982.

The first issue before us is whether the pendency of the two appeals challenging the propriety of the trial court's rulings relative to admission to probate of the 1965 and 1976 wills deprived the trial court of jurisdiction to allow the attorney fees and expenses complained of herein.

A trial court does not have jurisdiction to modify a judgment after it has been appealed and the appeal docketed at the appellate level. *Darnall v. Lowe,* 5 Kan. App. 2d 240, Syl. ¶ 8, 615 P.2d 786 (1980). However, this rule does not stay other proceedings before the lower court. *Carr v. Diamond,* 192 Kan. 377, 379, 388 P.2d 591 (1964). As noted in *Fields v. Blue Stem Feed Yards,* 195 Kan. 167, 403 P.2d 796 (1965), reiterating *Carr* at 379:

" 'An appeal to this court does not of itself operate as a stay of further proceedings in the trial court. The filing of a supersedeas bond . . . will stay the execution of a final judgment but it does not stay other proceedings in the trial court.' " 195 Kan. at 170. (Emphasis supplied.)

The district court's order of January 25, 1982, allowing compensation pursuant to K.S.A. 59-1504, did not alter or modify the appealed orders concerning admission of the two wills. Allowance of attorney fees and expenses is a distinct "other proceeding" and, therefore, the trial court had jurisdiction to hear and determine the petition seeking such allowance.

Nevertheless, the far better practice would have been for the trial court to delay consideration of the attorney fees and expense

allowances until after the two appeals had been decided. Oral arguments before us on the appeals were already scheduled for less than two months away when the trial court heard the allowance question. There was no showing of urgency or need to decide the matter prior to this court's determination of the appeals. The ultimate result of the case before us amply demonstrates the difficulties occasioned by the trial court's election to exercise its jurisdiction without waiting on the outcome of the two appeals.

The next issue before us is whether the trial court erred in considering a computerized time sheet in determining the amount of attorney fees to be allowed. The attorney present from the Foulston firm testified that a fair attorney fee for his firm was $42,800 through January 7, 1982, and that expenses through the same period were $3,506.92. Said attorney testified only in these total figures and submitted a computerized time sheet to the court for the breakdown of time and expenses. Attorneys for Sally were not permitted to view the time sheets on the basis the documents were privileged. Presumably the "privilege" claim also explains why the time sheets were not admitted into evidence and are not before us. Sally contends this procedure substantially prejudiced her rights. We agree.

The complained-of procedure employed herein precluded opposing counsel from any meaningful participation in the hearing. Likewise, even perfunctory appellate review is foreclosed. The record discloses neither the number of attorney hours allegedly involved nor the hourly rate associated to each. Little is to be gained from additional discussion of this issue. It is elemental that any claim of attorney-client privilege relative to computer time sheets is waived when the same are submitted to the trial court in support of allowance of attorney fees from a decedent's estate pursuant to K.S.A. 59-1504. We conclude the trial court's consideration of the complained-of time sheets, while denying them to opposing counsel, constitutes reversible error. The interests of the estate and the parties would be illy served, however, if this case were to be remanded without determination of the remaining issues.

At the hub of each of the remaining issues is K.S.A. 59-1504, which provides in pertinent part:

"Whenever any person named in a will or codicil defends it, or prosecutes any

proceedings in good faith and with just cause, for the purpose of having it admitted to probate, whether successful or not, or if any person successfully opposes the probate of any will or codicil, such person shall be allowed out of the estate his or her necessary expenses and disbursements in such proceedings, together with such compensation for such person's services and those of his or her attorneys as shall be just and proper."

In clear and unambiguous language, K.S.A. 59-1504 authorizes allowance of attorney fees and expenses to any person who *successfully opposes* the probate of a will. Sally contends Jennings-Irving did not successfully oppose the probate of the 1976 will. We agree.

It is conceded that Jennings-Irving won the initial battle at the trial court level on the 1976 will, and that such was the status quo when the petition for allowance was heard and allowed. It is equally certain that the Jennings-Irving victory was transitory in nature. Sally won the war when this court reversed the trial court's ruling that the 1976 will was invalid and directed that, on remand, said will be admitted to probate.

Jennings-Irving argue, in effect, that even a fleeting success in opposing a will permits allowance of attorney fees under K.S.A. 59-1504. Or as stated by Jennings-Irving in their brief, "[s]uccess at the trial level is a sufficient demonstration of merit to justify an award of fees and expenses."

Webster's New World Dictionary, Second College Edition (1974), defines "success" as a "favorable or satisfactory outcome or result." The same dictionary defines "outcome" as "result; consequence; aftermath." "Merit" is therein defined as "something deserving reward, praise or gratitude." Merit and success are not interchangeable terms. The argument of Jennings-Irving that a demonstration of merit is the equivalent of success does not, itself, have merit and accordingly they cannot succeed on this issue.

The 1976 will stands admitted to probate and its admission is beyond further judicial review—this fact is proof positive that Jennings-Irving did not successfully oppose the admission of said will. "Successfully opposes" the probate of a will refers to the ultimate resolution of the issue. Therefore, pursuant to K.S.A. 59-1504, no attorney fees or expenses may be allowed to Jennings-Irving for services rendered in opposing the 1976 will.

This brings us to the next issue. Jennings-Irving, in the alternative, argue that their opposition to the 1976 will was just the

first step of a two-step proceeding to have the 1965 will admitted to probate. As will be recalled, K.S.A. 59-1504 permits allowance of attorney fees and expenses to successful or unsuccessful proponents of a will provided they proceed in good faith and with just cause.

A similar argument was advanced in *In re Estate of Carothers,* 3 Kan. App. 2d 156, 591 P.2d 1091, *rev. denied* 226 Kan. 792 (1979). The factual distinction in *Carothers* is that there was no hearing on the earlier will by virtue of the district court's admission of the later will. Mrs. Stipancich, proponent and chief beneficiary of the earlier will, sought allowance for all her attorney fees on a similar derivative theory. In discussing and ultimately rejecting this argument, the Court of Appeals stated:

"Our basic premise is the well established rule that '[a]ttorney's fees and expenses may not be allowed against the estate of a decedent unless authorized by statute.' *Reznik v. McKee, Trustee,* 216 Kan. 659, Syl. ¶ 16, 534 P.2d 243 (1975). See also *In re Estate of Hannah,* 215 Kan. 892, 900, 529 P.2d 154 (1974); *In re Estate of Murdock,* 213 Kan. 837, Syl. ¶ 7, 519 P.2d 108 (1974). The applicable statute is K.S.A. 59-1504, which provides in pertinent part:

" 'Whenever any person named in a will or codicil defends it, or prosecutes any proceedings in good faith and with just cause, for the purpose of having it admitted to probate, whether successful or not, or if any person successfully opposes the probate of any will or codicil, such person shall be allowed out of the estate his or her necessary expenses and disbursements in such proceedings, together with such compensation for such person's services and those of his or her attorneys as shall be just and proper.'

"It will be seen that there are two classes of persons to whom fees and expenses are allowed in will contests: those who prosecute 'in good faith and with just cause' a proceeding *to admit* a will, whether successful or not; and those who *successfully oppose* a will. To recover here appellant must fall into one of those two categories.

"She does not claim to fall into the second category; obviously her efforts to oppose the 1972 will were not successful. Rather, she argues that her opposition to the 1972 will was a necessary part of her effort to prove the 1970 will. When the suit is so considered, she says, she is entitled to her fees and expenses 'whether successful or not.'

"The argument has a certain plausibility, but we are not convinced. As the trial court recognized, both in its pretrial ruling before the original trial and in its order admitting the will, if the 1972 will was valid, revoking all prior wills as it did, appellant's petition for probate was moot. Hence there was never any hearing on appellant's petition, and it cannot be said that she 'prosecute[d] any proceedings' to have that will admitted. The fact of the matter is that *all* of her counsel's efforts for which an allowance is sought were devoted to an unsuccessful attempt to defeat the 1972 will; *none* were directly aimed at admitting the 1970 will. It is true that the 1972 will had to be defeated before the 1970 will

could be considered. That, however, did not turn her contest of the 1972 will into a proceeding to probate the 1970 will. A successful contest of the later will was a condition precedent to a proceeding to probate the earlier will, but was not in our view a part of such a proceeding.

"*In re Estate of Roberts*, 192 Kan. 91, 386 P.2d 301 (1963), relied on by the court below, is highly persuasive if not controlling. The court there reversed the allowance of attorney fees to an unsuccessful contestant of a will who would have taken under intestacy. The court said:

" 'Ordinarily attorneys' fees will not be paid to an unsuccessful contestant of a last will and testament where the primary purpose in contesting the will is for the contestant's own benefit. In the instant case the will is perfectly clear and unambiguous. It required no construction to give it force and effect. The litigation involved only the mental capacity of the testator to make a will. The sole purpose of the appellant's action was to gain the entire estate for himself as the sole heir of the testator, but was unsuccessful in the litigation.' 192 Kan. at 102.

"The qualification 'ordinarily' was apparently employed to account for the rare situation where the litigation might somehow be of benefit to the estate. See Syl. ¶ 4. It is conceivable, for example, that in the course of a will contest the will might be construed or other orders made which would facilitate the administration of the estate. In such a case, an allowance might be proper under the last paragraph of the statute—a claim not made in this case. According to the statute, if the litigation involves only the admissibility of the will the contestant must be successful before fees and expenses may be awarded, regardless of motive.

"Appellant here seeks to distinguish *Roberts* on the ground that the contestant there was the sole heir, so that if the will were rejected he would take the entire estate. Here, the contestant is the primary beneficiary under a prior will, so that if her contest had been successful she would have taken 93% of the estate. We fail to see any significant difference insofar as the contestant's motive of personal gain is concerned. And, of course, appellant here does not contend her litigation was of any benefit to the estate; its *only* effect has been to cost the other beneficiaries money." 3 Kan. App. 2d at 158-59.

Jennings-Irving are the sole beneficiaries under the 1965 will. Sally was the sole beneficiary under the 1976 will. Obviously, like *Carothers*, altruism was not the driving motivation for any of the parties herein.

We believe the court's reasoning in *Carothers* is applicable to the matter before us. While it is true that the Jennings-Irving promotion of the 1965 will could not be launched until such time as the 1976 will was defeated, the clear language of K.S.A. 59-1504 cannot be defeated by attempted linkage of the proceedings relative to the two wills. As noted by the Court of Appeals in *Carothers:*

"A successful contest of the later will was a condition precedent to a proceeding to probate the earlier will, but was not  .  .  .  a part of such a proceeding." 3 Kan. App. 2d at 159.

We conclude that the attorney fees and expenses incurred in the Jennings-Irving unsuccessful opposition to the 1976 will may not be linked to the attorney fees and expenses incurred in promoting admission of the 1965 will.

The final issue on the appeal is the claim of Sally that Jennings-Irving did not act in good faith and with just cause in promoting the admission of the 1965 will and that, accordingly, an allowance for such effort is barred by K.S.A. 59-1504. No basis for this assertion is stated other than the ultimate lack of success of the venture. We conclude this point is without merit.

CONCLUSION

The judgment of the district court is reversed and remanded to the trial court with directions. The trial court is directed to hold a new hearing on the Jennings-Irving petition for allowance of attorney fees and expenses wherein:

(1) all documentary evidence upon which said allowance request is based shall be a part of the record and made available to opposing counsel;

(2) the basis on which attorney fees are allowed be made a part of the record in sufficient detail as would permit meaningful appellate review if necessary; and

(3) allowance may be made for those reasonable fees and expenses directly incurred by Jennings-Irving as proponents of the 1965 will but excluding any services attributable to the opposition of the 1976 will. The burden of proof is, of course, on Jennings-Irving.

SCHROEDER, C.J., dissenting.