NOT DESIGNATED FOR PUBLICATION

No. 128,205

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

S.J.M.,
*Appellee*,

v.

K.M.A.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cowley District Court; LADONNA L. LANNING, judge. Submitted without oral argument. Opinion filed July 18, 2025. Remanded with directions.

*Landon W. Magnusson*, of Withers, Brant, Igoe & Mullennix P.C., of Liberty, Missouri, and *Justin A. Miller*, pro hac vice, and *H. Christopher Bartolomucci*, pro hac vice, of Schaerr Jaffe LLP, of Washington, D.C., for appellant.

*S.J.M.*, appellee pro se.

Before WARNER, C.J., BRUNS and BOLTON FLEMING, JJ.

PER CURIAM: The appellant, K.M.A., brings this interlocutory appeal from the district court's denial of her pro se motion to strike a protection from stalking (PFS) petition filed against her by the appellee, S.J.M. The appellant filed the motion to strike pursuant to the Kansas Public Speech Protection Act (KPSPA), K.S.A. 2024 Supp. 60-5320. In addition, the appellant moved to dismiss for lack of personal jurisdiction that was also denied by the district court.

1

While this interlocutory appeal was pending, the appellee filed a motion to voluntarily dismiss her PFS petition with prejudice, and the district court granted the motion. Although the appellant has represented to this court that she does not oppose the voluntary dismissal of the appellee's PFS petition, she contends that the district court did not have jurisdiction to grant the motion once this appeal was docketed. As such, the appellant suggests that the issue of whether she is entitled to recover attorney fees under K.S.A. 2024 Supp. 60-5320(g) survives.

We agree with the appellant that the district court did not have jurisdiction to rule on the appellee's motion for voluntary dismissal because it was filed after the docketing of this appeal by the appellant. As a result, whether the appellant is entitled to recover attorney fees is properly before us. Even so, we find that the appellant is not entitled to recover attorney fees in this case even if she should have prevailed on her motion to strike under the KPSPA because she acted pro se before the district court and no motion for appellate attorney fees has been filed. Thus, we remand this case to the district court with directions to rule on the appellee's motion for voluntary dismissal.

FACTS

The parties are well aware of the underlying factual allegations asserted before the district court and in their appellate briefs. Likewise, they are familiar with the unique procedural posture of this appeal. Unfortunately, many of the factual allegations set forth by the parties in their briefs do not appear to be included in the record on appeal. But most of these factual allegations are not material to the limited issues that remain for our consideration. Accordingly, we will simply refer to the facts—or factual allegations—as necessary in the Analysis section of this opinion as they relate to a particular issue.

ANALYSIS

*District Court's Jurisdiction During Pendency of Appeal*

At the outset, we must determine the impact of the district court's order granting the appellee's motion for voluntary dismissal after this appeal was docketed. On January 23, 2025, the appellant notified this court that the appellee had filed a motion to voluntarily dismiss the underlying PFS action in the district court and that the motion had been granted on the same day. In the district court's order, it not only dismissed the PFS action with prejudice but also vacated the temporary PFS order that it had previously entered.

On March 5, 2025, this court issued an order to show cause seeking input from the parties regarding "whether or not the issues on appeal have been rendered moot by Appellee's voluntary dismissal of the underlying action." In response, the appellant advised us "that she does not object to the underlying case being dismissed, but she does not believe that the district court has jurisdiction to do so while [the] appeal remains pending." Moreover, the appellant suggested that the "appeal of the denial of her [KPSPA] motion remains a live issue on appeal because prevailing on that claim would entitle her to attorney fees as a matter of law." On the other hand, in her response to our order to show cause, the appellee asked us to find the appeal to be "moot, as there is no pending action against Respondent-Appellant KMA."

Our determination of whether the district court had jurisdiction to grant the appellee's motion for voluntary dismissal after this appeal was docketed presents a question of law over which we have unlimited review. See *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015). Similarly, to the extent that the determination of this issue requires statutory interpretation, our review is unlimited. *Roe v. Phillips County Hospital*, 317 Kan. 1, 5, 522 P.3d 277 (2023). In interpreting a statute, we first attempt to determine

the Kansas Legislature's intent by looking to the plain language used. *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022).

Significant to this appeal, we find that the plain and unambiguous language of K.S.A. 2024 Supp. 60-5320(f)(2) provides that "further proceedings in the trial court . . . be stayed pending determination of the appeal." Furthermore, as a general rule, a district court "does not have jurisdiction to modify a judgment after it has been appealed and the appeal [is] docketed at the appellate level." *In re Estate of Robinson*, 232 Kan. 752, 754, 659 P.2d 172 (1983); see *ARY Jewelers v. Krigel*, 277 Kan. 464, 473-74, 85 P.3d 1151 (2004). In other words, "while retaining broad discretionary power to reexamine its rulings, [a district court] must act prior to the time an appeal from a final judgment has been docketed in the appellate court; otherwise the [district] court loses jurisdiction to reconsider or change its prior ruling during the pendency of the appeal." *In re Petition of City of Shawnee for Annexation of Land*, 236 Kan. 1, 15, 687 P.2d 603 (1984); see *Hernandez v. Pistotnik*, 60 Kan. App. 2d 393, 404-05, 494 P.3d 203 (2021).

Here, we find that the underlying PFS action is statutorily stayed under K.S.A. 2024 Supp. 60-5320(f)(2) while this appeal is pending. Additionally, under Kansas caselaw, the district court no longer had jurisdiction over the underlying case once this appeal was docketed. Consequently, we find that the district court did not have jurisdiction to rule on the appellee's motion for voluntary dismissal and that the appropriate remedy is to remand this matter to the district court to rule on the motion after a mandate has been issued by this court.

*Award of Attorney Fees Under KPSPA*

Turning to the issue of attorney fees, it is undisputed that K.S.A. 2024 Supp. 60-5320(g) provides for an award of attorney fees "upon a determination that the moving party has prevailed on the motion to strike." The appellant suggests that her motion to

4

strike under the KPSPA should have been granted by the district court and, in turn, that she should have been granted attorney fees. We disagree.

Even if we assume—without deciding—that the district court should have granted the appellant's motion to strike, she would not be entitled to an award of attorney fees. This is because at all times she appeared before the district court, she was acting pro se. As a general rule, pro se litigants—those who are not represented by an attorney—may not be entitled to recover attorney fees in Kansas. See *Baker v. Hayden*, 313 Kan. 667, 676, 490 P.3d 1164 (2021). Here, the appellant has not argued that an exception to the general rule applies nor has she shown what attorney fees—if any—she incurred while she was representing herself before the district court.

We also note that the appellant's attorney did not file his "limited appearance" in this case until *after* the notice of appeal was filed, and he has not filed a motion to recover appellate attorney fees as required by Kansas Supreme Court Rule 7.07 (2025 Kan. S. Ct. R. at 51). In particular, we note that the record contains no specific amount of attorney fees requested and no itemization of the time allegedly incurred or the services rendered. The record also contains no affidavit to comply with the requirements of Rule 1.5(a) (2025 Kan. S. Ct. R. at 326) showing the nature and extent of any legal services rendered, the time expended, or any of the factors considered in determining the reasonableness of the fee. Nor is there any indication of what amount—if any—of attorney fees "related to the motion." See K.S.A. 2024 Supp. 60-5320(g).

We recognize that Kansas courts have wide discretion in determining the amount of attorney fees. *Wittig v. Westar Energy, Inc.*, 44 Kan. App. 2d 216, 228, 235 P.3d 535 (2010). But the "burden to prove the reasonableness of the fees and expenses requested is upon the party making the request." *Westar Energy, Inc. v. Wittig*, 44 Kan. App. 2d 182, 210, 235 P.3d 515 (2010). Here, there has been no attempt by the appellant or her

5

appellate attorney to meet this burden. Consequently, we conclude that an award of attorney fees is not warranted in this case.

Remanded with directions.